George R. Alexander, Appellant, *v.* Samuel G. Alexander, Respondent.

A party may not receive and accept the amount awarded to him by a judgment and appeal therefrom; and when, after an appeal has been brought, he thus accepts the benefit of the judgment, he thereby waives the appeal.

(Argued November 23, 1886; decided January 18, 1887.)

This was an appeal from an order of General Term denying a motion to dismiss the appeal thereto

The action was for partition, between heirs-at-law.

The following is the opinion :

"The motion to dismiss this appeal is founded upon the fact that the appellant, who was defendant in an action of partition, and by the judgment rendered was awarded a proportion of the proceeds resulting from a sale ordered by the court, accepted those proceeds after his appeal was perfected, and took also the costs allowed to him by the judgment. His notice of appeal was served March 13, 1886, and the referee appointed to make the sale swears that he paid the share awarded to the defendant by two checks, dated, respectively, the seventeenth and twenty-fourth of the following April, both of which have been paid by the bank upon the defendant's indorsement. It is not denied that he could not be permitted at the same time to take the fruit of the judgment, and appeal from it as erroneous or wrong, but it is contended in the present case that no such inconsistency exists because the whole controversy concerns a fund other than the residue, a share of which the defendant accepted ; or, in substance, that what the defendant took he would be entitled to retain in any conceivable disposition of the case. (*Clowes* v. *Dickenson*, 8 Cow. 328; *Knapp* v. *Brown*, 45 N. Y. 207.) We are not able to concur in a view of the situation which would make those authorities applicable. The litigation involved a question of advancements. The court found that $57,500 had been advanced to the defendant and $15,000 to the plaintiff; and awarded to the latter the difference of $42,500 to be first paid out of the proceeds of sale for equality of partition, dividing the residue equally between the two parties. The defendant's notice of appeal is from the interlocutory and the final judgment, and not from any alleged separable or independent portion which left the rest unaffected and unassailed. So far as the division of proceeds is concerned we cannot discover any such separable or independent portion to which the appeal could have been limited. The amount of the residue must necessarily depend upon the amount of the advancements adjudged to have been made. Those to the defendant are alleged in the complaint to have consisted of certain parcels of real estate the value of which is not stated and which value necessarily became

the subject of proof.  If the judgment should be reversed, the plaintiff on a new trial will be at liberty to show, and may possibly establish, that such value was greater than the $57,500, or that the advancements to himself were less than the $15,000, and in either event the sum first payable to him from the proceeds would be increased, and as a consequence defendant's share of the residue lessened.  He stands thus in the attitude of holding the fruit of the judgment to which he may not be entitled if his appeal succeeds, and yet persisting in his appeal. The trouble is that he cannot gain the right to recover more without incurring the hazard of recovering less.

But it is further insisted that he took his share of the residue with the plaintiff's consent, and under an arrangement which, nevertheless, contemplated the prosecution of the appeal. The proof of this is sought to be deduced from an affidavit of the defendant's attorney.  He swears that just before the entry of judgment he declared his client's purpose to appeal, and thereupon the plaintiff's attorney expressing a desire not to have proceedings stayed, and to be at liberty to collect and receive the sum awarded, it was finally agreed that he might do so upon assigning to the referee in trust a mortgage as security for any restitution which might be ordered.  That assignment, and a covenant of restitution, were executed April 1, 1886, and after the appeal had been taken.  The affidavit further showed that the plaintiff's attorney frequently said that there was no need of tying up the proceeds of the sale, but that a speedy sale and distribution was desirable.  It is to be noticed that the affidavit asserts no negotiations except as to the right of the plaintiff to get his money and to prevent a stay, which would hinder that result; and does not claim that anything was said, or any agreement made, relating to the share awarded to the defendant.  It shows only that the plaintiff wanted his money, that he could not get it if the defendant, on his appeal, effected a stay of proceedings; that security was given to obviate the need of that stay, and what was said about not tying up proceeds, and expediting the appeal, naturally referred to that negotiation and related to that effort.  The defendant's silence as to his own share is

made more emphatic by the affidavit of the plaintiff's attorney that he never uttered a word about defendant's treatment of the residue awarded to him, or in any manner recognized the appeal after that share was accepted. It is not possible to infer a consent or waiver. The defendant does not claim that his act was inadvertent and without consciousness of the question it might raise. If he did that, and offered to restore the money received to its official custodian, pending the appeal, the question would assume a more hopeful shape. But he stood, and stands here, upon his right. While we cannot help thinking that some misunderstanding has existed, and should be glad to sustain the appeal taken, we can find no just ground upon which to rest such a decision.

The order of the General Term should be reversed and the appeal dismissed, with costs."

*J. T. Marean* for appellant.

*Nathaniel C. Moak* for respondent.

FINCH, J., reads for reversal of order of General Term, and for dismissal of appeal to that court.

All concur.

Ordered accordingly.