SARAH E. MELLEN, Appellant, *v.* ABNER MELLEN et al., Respondents.

An interlocutory judgment in an action for partition directed a sale of the premises, which was made, and thereafter final judgment was entered granting costs to the parties and directing as to the distribution of the proceeds of the sale. Certain of the defendants appealed and thereafter received their shares as fixed by the final judgment, but did not receive the costs. The right of said appellants to the proportion allowed to them by the judgment was conceded by the pleadings, the only question at issue being as to the right of plaintiff to a share claimed by and allowed to her. In view of the appeals the court below directed this share to be deposited to await the final result, and required the appellants to execute an undertaking to indemnify plaintiff against loss on account of the stay of that part of the judgment pending the appeal. *Held,* that said appellants did not, by accepting the sums so paid to them, waive their right to further prosecute the appeals; and so, that a motion to dismiss the same was properly denied.

The property was in the hands of a receiver and was indisputably the subject of a common tenancy and it appeared a sale was proper. The plaintiff moved to stay proceedings for a sale under the interlocutory judgment. This was opposed by defendants, who insisted upon a sale. *Held,* that said defendants were not thereby estopped from prosecuting their appeal; that the title of the purchaser would not be affected by

the appeal and the simple effect of the sale was to transfer the subsequent litigation from the land to the fund, and this did not prejudice the rights of plaintiff.

(Argued February 27, 1893; decided March 14, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 13, 1893, which denied a motion to dismiss appeals by defendants from final interlocutory judgments herein and from orders denying motions for a new trial.

The following is the opinion in full:

"This was an action of partition, and after the entry of the interlocutory and final judgments herein, the defendants, who had defended the action, appealed from both judgments to the General Term on April 7, 1892, the same day the final judgment was entered. The interlocutory judgment was entered November 24, 1891, and sale had pursuant to it January 20, 1892.

"On April 9, the referee executed the deed to the purchaser, and received from him the entire purchase price amounting in all to over $250,000.

"On April 12th the defendants, Helen J. Banning and Maria L. Kendall, each received from the referee $70,000 on account of their share of the proceeds of sale pursuant to the judgment, and on April 22, the further sum of $2,500 each. They have not received any part of the costs allowed them in the judgment, and the defendants Wilcox, and Banning as executor, have not received anything under the judgment. The respondents, on December 24, moved to dismiss these appeals upon the ground that the appellants by accepting the benefits accorded to them by the judgment, have waived the right to further prosecute the appeals. From an order denying the motion, the plaintiff has brought this appeal. As the defendants Wilcox and Banning, as executors have received nothing under the judgment, there is no ground for the claim that they are estopped from showing that the judgment was erroneous. The plaintiff made a motion to stay proceedings for a sale, under the interlocutory judgment, which these defendants opposed, and insisted

that the sale should be had pursuant to the judgment. The property was in the hands of a receiver; it was indisputably the subject of a common tenancy, and a sale was proper for the preservation of the rights of all parties. The title of the purchaser would not be in any manner affected by the appeal, nor the situation changed in any material respect. The proceeds of the sale would be brought into court, and the subsequent litigation would be transferred from the land to the fund; and it is not seen how the rights of the plaintiff could be materially prejudiced by such a course.

" A different question is presented in regard to the appeal of Mrs. Kendall and Mrs. Banning. They have each received $72,500 under the final judgment, and it is insisted that they ought not to be heard to complain of a judgment whose fruits they are now enjoying. But this objection, we think, is deprived of its force because of the conceded fact that they have received nothing to which they would not be entitled in any event, regardless of the final result of the litigation. It is admitted by the pleadings that these defendants were the owners of ten-sixteenths of the premises sold, and they are, therefore, rightfully entitled to a corresponding share of the net proceeds of the sale. It is not claimed that they have received any greater sum, or that they have received the costs, or any moneys of which they would be required to make restitution, if the judgment should be reversed and the complaint dismissed; or judgment should be awarded for the relief demanded in their answer. The sale would not be disturbed, and as the purchaser refused to complete the purchase unless the defendants, individually, released or conveyed to him whatever interest they might have in the property, their right to the shares which they have received, does not depend upon the judgment, but they would be entitled to retain the moneys as the consideration of the deeds they have executed to the purchaser. The only issue of fact litigated involved the plaintiff's title to the undivided five-sixteenths conveyed to her by the defendant, Abner Mellen, Jr. This conveyance the other defendants allege to be fraudulent as to them, and that the title is still in the grantor and equitably charged with liens in favor of the estates of his father and mother, for the amounts

which it had been decreed, upon a final accounting, he should pay to them as legatees or next of kin.

"In view of the appeals taken, the court below directed this share to be deposited with a trust company to await the final determination of the controversy, and required the appellants to execute an undertaking in the sum of $20,000 to indemnify the plaintiff against loss on account of the stay of the execution of that part of the judgment pending the appeal. The plaintiff is thus fully protected, and we think it must be held that under all the authorities, the defendants have not waived their right to prosecute their appeals. (*Farmers' L. & T. Co.* v. *Bankers & M. Tel. Co.*, 109 N. Y. 344; *Alexander* v. *Alexander*, 104 id. 643; *Knapp* v. *Brown*, 45 id. 207; *Higbie* v. *Westlake*, 14 id. 281.)

"The order must be affirmed, with costs."

*Henry Daily, Jr.*, for appellant.

*George Hill* for respondents.

*Per Curiam* opinion for affirmance.
All concur.
Order affirmed.