(61 N. W. Rep. 151.)

---

## R. S. TYLER *vs.* JAMES SHEA.

Opinion filed December 10th, 1894.

**Acceptance of Benefit Under Judgment is Waiver of Right to Appeal.**

The judgment appealed from declared that respondents would be entitled to a deed of certain land from appellant provided they paid appellant a sum of money and delivered to him a note and mortgage for a further sum within 90 days after date of the decree. In case of their failure so to do, their rights were to be barred, and the appellant was to be immediately entitled to the exclusive possession of the property. Appellant applied to the court for an order awarding him execution to put him in possession of the land, claiming that respondents were in default. His application having been denied, he appealed to this court. *Held* that, by thus accepting a benefit under the judgment, *i. e.* the right to be heard whether he was entitled to possession thereunder, he had waived his right to appeal from the judgment for the purpose of having the case tried anew in this court.

**Acceptance of Benefit Under Judgment Does Not Waive Right to Appeal—When.**

A party does not, however, waive his right to appeal from a judgment by accepting a benefit thereunder, if the benefit is one to which he is so absolutely entitled that a reversal of the judgment will not affect his right to it. Neither is his right to appeal lost by accepting anything under a judgment, when the appellate court has power to modify the judgment so as to make it more favorable to appellant, without reversing it or interfering with the provisions in his favor of which he accepted the benefit. But in such case he must appeal from only the portion of the judgment which is adverse to him, and the court will upon such appeal do no more than modify the judgment in that respect.

**Appeal for New Trial—Whole Case Investigated.**

> When a party appeals for a new trial of a case in the appellate tribunal, the whole case is open to investigation, and not merely that portion of the judgment which is adverse to the appellant.

**Equitable Power to Modify Judgment.**

> A court of equity, in furtherance of justice, has power to modify a judgment in a particular not affecting the merits of the case, but merely relating to the mode of carrying into effect the decision of the court.

**Enlargement of Time to Make Payment.**

> Where a time is prescribed within which money must be paid to entitle a party to the benefit of the judgment, the court may, even after such time has expired, extend it by a modification of the judgment in furtherance of justice; and it may modify a judgment directing payment to be made to a party by providing that the payment may be made to the clerk of the court for the benefit of such party.

Appeal from District Court, Richland County; *Lauder*, J.

Action by R. S. Tyler against James Shea, administer of the estate of Edward A. Schram, and others; for the possession of real estate. From a conditional judgment in favor of defendants, and from an order denying his application for execution thereon, plaintiff appeals. Appeal from judgment dismissed.

Order denying application reversed.

*Newman, Spalding & Phelps*, for appellant.

The default of November 1st, 1892 and appellants action thereupon entitled appellant to possession of the premises under the terms of the contract. *Iowa R. R. Land Co.* v. *Mickel*, 41 Ia. 402; *Thurston* v. *Arnold*, 43 Ia. 43; 1 Smiths L. Cases, 95; *Steele* v. *Biggs*, 22 Ill. 643; *Oliver* v. *Livingston*, 62 Ill. 528; *Wallace* v. *Maples*, 23 Pac. Rep. 860; *Kerns* v. *McKean*, 4 Pac. Rep. 404; *Wells* v. *Smith*, 31 Am. Dec. 274; *Waterman* v. *Banks*, 144 U. S. 394; *Drown* v. *Ingalls*, 28 Pac. Rep. 759; Bish, Conts. 1347.

When time is the essential element of the contract, equity in the absence of fraud or waiver, will not interfere to save a forfeiture. Pomeroy's Eq. Jur. 455. When a place of payment is fixed by the agreement of parties, an offer of payment must be made at that place. *LaFarge* v. *Pickert*, 21 Am. Dec. 209; *Bates*

v. *Bates*, 12 Am. Dec. 572; *Friess* v. *Rider*, 24 N. Y. 367; *Franchot* v. *Leach*, 5 Cow. 506; *Post* v. *Springsted*, 13 N. W. Rep. 370; *McCauley* v. *Leavitt*, 37 Pac. Rep. 164; *Hoys* v. *Tuttle*, 46 Am. Dec. 309; 17 Am. Law Reg. 745; *Roberts* v. *Beatly*, 21 Am. Dec. 410; *Wyman* v. *Winslow*, 26 Am. Dec. 542; Comp. Laws, § § 3461, 3462. The trial court seems to have held that plaintiff waived the place of tender by not objecting. Silence is no waiver of the place of performance. *Friess* v. *Rider*, 24 N. Y. 367.

The deposit of the money mentioned in the decree with John Shippam was unavailing. Such payment may be disregarded unless made pursuant to a rule or order of court or under a statutory provision. 1 Tidds Practice, 566; *Dubois* v. *Dubois*, 6 Cow. 494; *Baker* v. *Hunt*, 1 Wend. 103; *Levan* v. *Sternfield*, 25 At. Rep. 854; *Davidson* v. *Lamphrey*, 16 Minn. 405

*W. E. Purcell*, for respondents.

The appeal from the judgment herein should be dismissed. Appellant in attempting to enforce the judgment as entered by moving for execution upon it, adopted it as his own. He cannot seek to enforce and avoid the same judgment. *Knapp* v. *Brown*, 45 N. Y. 207; 4 Waits Pr. 215; *Bennett* v. *Van Sickle*, 18 N. Y. 480; *Lamphrey* v. *Henk*, 16 Minn. 405; *Murphy* v. *Spaulding*, 46 N. Y. 553. The tender was sufficient. The money, notes and mortgage were deposited in the People's Bank of Wahpeton, September 3rd, 1891. Plaintiff was notified by letter. The notes and mortgage were exhibited to him and he was told that the money was ready to be delivered to him. He made no objection either to the sufficiency of the notes or mortgage or the money or the time, place or manner of the offer to perform. He thereby waived all objections to the sufficiency of any of them. Sections 3462, 3469, 3474, Comp. Laws. *Pinney* v. *Jorgenson*, 27 Minn. 26; *Sands* v. *Lyon*, 18 Conn. 18; *Union Mutual Life Ins. Co.* v. *Union Mills*, 37 Fed. Rep. 286; *Holmes* v. *Holmes*, 12 Barb. 137; *Breed* v. *Hurd*, 6 Pick 357; *Steele* v. *Biggs*, 22 Ill. 643; *Sargent* v. *Graham*, 5 N. H. 440; 25 Am. and Eng. Enc. L. 903, note P.; *Monahan* v. *Moore*, 9

Mich. 9; *Fosdyek* v. *Van Husan*, 21 Mich. 570.    Courts of equity are constituted for the purpose of working even handed justice even though in so doing they must in some cases over-ride injustice apparently legal. 36 Cent. L. Jr, 471; *Duffy* v. *O'Donovan*, 46 N. Y. 223; *White* v. *Damon*, 7 Ves. 30.    Where time admits of compensation, courts of equity will not declare a forfeiture, but will relieve against it, and compensate the party demanding relief by way of interest or in a proper case by interest and damages.  *DeCamp* v. *Feay*, 5 Serg. & R. 323; *Gibbs* v. *Shampion*, 5 Ohio 335; *Button* v. *Schroyer*, 5 Wis. 598; *Seton* v. *Slade*, 7 Ves. 265; *Hennessy* v. *Woolworth*, 128 U. S. 438.

CORLISS, J.  We have two appeals before us in this case,—one is from the judgment, and the other from an order made after judgment.  The plaintiff is appellant in both appeals.  The action was instituted to recover possession of certain real estate. The defense was that the plaintiff had agreed to sell this land to Edward A. Schram, and that Schram had not made default in performing his contract, but had at all times been, and his heirs still were, willing and able to perform the same; and the prayer of the answer was that plaintiff might be decreed to convey the land according to the contract, on performance of the covenants and agreements on the part of Edward Schram by his heirs.  The defendants are the administrator and the two heirs at law and next of kin of Edward Schram.   The trial resulted in a judgment in favor of defendants, adjudging that they were entitled to a deed of the premises in question, upon making a certain payment, and on executing and delivering a note and a mortgage on the land to secure the balance of the purchase price to plaintiff, or upon paying the whole of such purchase price to plaintiff, provided either was done within 90 days after the date of the judgment.  It was further adjudged that the plaintiff should in that case execute and deliver to defendants a warranty deed of the property; but that, in the event of the failure of defendants to comply with either one of these provisions within 90 days, the plaintiff should immediately thereafter become entitled to the

exclusive possession of the land, and the defendants would thereafter be forever barred from any right thereto or interest therein. Subsequently to the rendering of this judgment, and after the period of 90 days has elapsed, the plaintiff, claiming that defendants had failed to comply with the provisions of the decree to be performed on their part, applied to the court, on notice, for an order that execution issue to put him in possession of the property. This application was denied, and from the order denying the same plaintiff has appealed. He has also appealed from the judgment, and asks for a new trial of the case in this court under the act of 1893, Ch. 82. Before arguing on the merits the appeal from the judgment, respondents moved to dismiss the appeal on the ground that appellant had availed himself of a right conferred on him by this judgment, and had thereby waived his right to appeal from the judgment.

The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. See cases in note to *Clark* v. *Ostrander*, 13 Am. Dec. at p. 550, and *Smith* v. *Coleman*, (Wis.) 46 N. W. 664; *Murphy* v. *Spaulding*, 46 N. Y. 556; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Knapp* v. *Brown*, 45 N. Y. 208; *Laird* v. *Giffin*, (Wis.) 54 N. W. 584; *Construction Co.* v. *O'Neil*, (Or.) 32 Pac. 764; *Flanders* v. *Town af Merrimac*, 44 Wis. 621; *Webster-Glover Lumber & Manufacturing Co.* v. *St. Croix Co.*, (Wis.) 36 N. W. 864; *Independent Dist. of Altoona* v. *District Tp. of Delaware*, 44 Iowa, 201; *Corwin* v. *Shoup*, 76 Ill. 246; *Holt* v. *Rees*, 46 Ill. 181; *Bolen* v. *Cumby*, (Ark.) 14 S. W. 926; *Alexander* v. *Alexander*, 104 N. Y. 643, 10 N. E. 37. We must be careful not to ignore an important qualification of the general doctrine. Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit. To illustrate

this doctrine, we may instance the case of an action to recover $1,000, in which the only defense is a counterclaim for $500. It is obvious that $500 of plaintiff's claim is admitted. If the defendant succeeds in establishing his counterclaim, thus reducing plaintiff's recovery to $500, the plaintiff may collect the $500 awarded to him by the judgment, and still appeal from such judgment to secure a reversal, to the end that he may defeat the counterclaim and recover judgment for his entire demand on a new trial. The $500 he is entitled to absolutely. The reversal of the judgment and the second trial of the case cannot impair his right to it. Accepting this sum is therefore not inconsistent with his attempt to reverse the judgment, that he may on a new trial recover more. He can never recover less. It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from. The following decisions enforce this doctrine: *Reynes* v. *Dumont*, 130 U. S. 354–394, 9 Sup. Ct. 486; *Embry* v. *Palmer*, 107 U. S. 3, 2 Sup. Ct. 25; *Higbie* v. *Westlake*, 14 N. Y. 281; *Mellen* v. *Mellen*, (N. Y. App.) 33 N. E. 545; *Cocks* v. *Haviland*, (Sup.) 7 N. Y. Supp. 870; *Construction Co.* v. *O'Neil*, (Or.) 32 Pac. 764; *Morriss* v. *Garland*, 78 Va. 215; *Manufacturing Co.* v. *Huiske*, (Iowa) 29 N. W. 621; *Dudman* v. *Earl*, 49 Iowa, 37. The case of *U. S.* v. *Dashiel*, 3 Wall. 688, belongs to this class. The reasoning of the opinion delivered in denying the motion to dismiss is unsatisfactory in its statement of the grounds on which the decision rests, but, when we turn to the opinion of the court on the merits (4 Wall. 182,) we discover that the defendant did not dispute his liability for the amount for which judgment was rendered against him, but only with respect to the balance of the claim; his defense as to such balance being that the money was stolen from him, and that, therefore, he was not accountable for it to the government, whose money it was, in his custody as paymaster in the army of the United States. The

judgment was rendered for this amount not in dispute, and a portion of it was collected before the writ of error was sued out. The motion to dismiss was properly denied, because the reversal of the case could not affect plaintiff's right to what it had collected. Defendant conceded that so much was due. Again, cases will arise—they have arisen—in which the appellant has the right to ask for a more favorable judgment in the appellate court without having the case sent back for a new trial, on which, of course, the whole matter would be open again for investigation, which might result in a judgment not so favorable to plaintiff, or even one that would be adverse to him. In the class of cases in which a new trial of the whole case may result from the appeal, the element does not exist that exists in the one we have already alluded to. No portion of plaintiff's claim is admitted. Everything is in controversy. Under such a state of the pleadings, it is obvious that a reversal of the judgment and a new trial may result in a decision showing that the plaintiff was not entitled to what the former judgment gave him. In such a case the plaintiff cannot accept what that judgment gives him, and then by appeal pursue a course which may overthrow the right of which, he has availed himself. But if it is possible for him to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the accceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to himself. There are several cases in which this doctrine has been enforced, and others in which it has been recognized. *Monnet* v. *Merz,* (Super. Ct. N. Y.,) 17 N. Y. Supp. 380, affirmed in 131 N. Y. 646, 30 N. E. 866; *Clowes* v. *Dickenson,* 8 Cow. 328, as explained in *Knapp* v. *Brown,* 45 N. Y. 208; *Tarleton* v. *Goldthwaite,* 23 Ala. 346; *Inverarity* v. *Stowell,* 10 Or. 261.

If appellant could have appealed from only that portion of the judgment which was favorable to the defendant, to secure a modification of the judgment in this respect, he might with much

force have claimed that he had done nothing inconsistent with an appeal for this specific purpose. He might have well asserted that he had only sought to take advantage of that portion of the judgment which contingently gave him the right to possession, and that by his appeal he was merely seeking such a modification of the judgment as would give him that right absolutely, not fettered by conditions,—not postponed as to its enjoyment. If we were at liberty to treat this as the full scope of his appeal, we might entertain it for the sole purpose of ascertaining whether the court had not erred in giving the defendants any rights in the land in controversy, and, in case we should reach that conclusion, we would then modify the judgment by expunging therefrom all provisions relating to any matters save the right of the plaintiff to the immediate possession thereof as the owner of the legal and equitable title to the same. But the terms of the act under which the appeal is taken will not permit our mere modification of the judgment appealed from. We are required by this law to try the case anew upon the same record, and to render final judgment in the action. It is true that we might render judgment in favor of the appellant absolutely, but it is equally true that we might conclude that the trial court was right, and, in giving judgment on this theory of the case, we could fix a new time within which defendants might by payment secure the title. Should we decide that defendants were not in default in performing the contract, we would afford them an opportunity, within a reasonable time after the entry of our judgment, to obtain the title. The appellant sought to secure possession within 90 days after the entry of the judgment appealed from. Should we fix a new time within which defendants might secure the title, and during which appellant could not have possession, it would then be clear that the appellant had sought to obtain a benefit under the judgment which his own appeal would overthrow, so far as relates to the matter of time. Can a party seek to avail himself of the benefit of a clause in a judgment giving him possession of land, after certain time has elapsed, and yet by appeal ask for a new trial of

the case, which may result in a decision that he was not entitled to possession at the time he sought to obtain it? We are clear that he cannot. The appellant could not ask for a new trial of the case with reference to those provisions of the judgment which were against him, and at the same time insist that the balance of the judgment favorable to him should stand without investigation. When a case is appealed for a new trial, the whole case is open for judicial inspection; and the decision upon such new trial must necessarily be founded upon an examination of the case as broad as that made by the lower court. When a party who has been defeated as to a portion of his claim in a justice's court appeals for a new trial in the District Court, he cannot there insist that the judgment, in so far as it is favorable to him, shall stand, and only the balance of the case be litigated. The whole case is to be tried anew, and in that trial he runs the risk of losing that which the justice's judgment gave him. Where the claim is indivisible, and is all in dispute, the appeal for a new trial gives the defendant the same right to be heard on the whole case which it gives to the plaintiff who appeals. In such a case, the ordinary rule that the respondent cannot complain of those portions of the judgment which are against him, or, indeed, of any portion of the judgment, does not apply, because the appellant, by the nature of the relief he seeks by his appealing for a new trial, opens up the entire case to a second investigation. Indeed, there is high authority for the doctrine that such an appeal, of itself, supersedes the judgment appealed from and annuls it as effectually as though a new trial had been granted by the court in which it was rendered. These authorities hold that the appeal places the case in the same position as though it had never been tried. The judgment no longer exists for any purpose. *Bank* v. *Wheeler,* 28 Conn. 433; *Curtiss* v. *Beardsley,* 15 Conn. 518; *Campbell* v. *Howard,* 5 Mass. 376; *Sharon* v. *Hill,* 26 Fed. 337–345; *Earl* v. *Hart,* (Mo. Sup.) 1 S. W. 238: *Burns* v. *Howard,* 9 Abb. N. C. 321; *Yeaton* v. *U. S.,* 5 Cranch, 281; *State* v. *Forner,* (Kan.) 4 Pac. 357.

N. D. R.—25

Whether, in view of other provisions of our statutes, an appeal for a new trial in this court, under the act of 1893, annuls the judgment appealed from, when the appeal is taken or when final judgment is rendered in this court, we need not now determine. Neither do we wish to be understood as holding that this act is constitutional. Its validity has not been challenged in this case, and we therefore refrain from determining that question, not having the aid of the research and argument of counsel on that point. We believe that both precedents and principle fully sustain our view that appellant has waived his right to appeal for a new trial if he has in fact accepted some benefit under the judgment. *Alexander* v. *Alexander*, 104 N. Y. 643, 10 N. E. 37. See, also, the cases first cited in this opinion.

But it is urged that appellant did not waive his right to appeal because he did not in fact secure possession of the land. His application for an order that execution issue to put him in possession was denied. This contention does not meet the question. The appellant waived his right to appeal if he obtained any benefit under the judgment which on the appeal may be taken from him. He applied for an order that an execution might issue to put him in possession. Whence did he derive the right to make this application, if not from a judgment? Was it not a valuable right,—the right to be heard whether he should have the benefit of that portion of the judgment which was favorable to him? Was not that right exercised by him? Is he not still exercising it by appealing to this court from the order denying his application for an execution? He enjoyed in the court below, and is enjoying in this court, a right under this very judgment which he is appealing from. Were it not for this judgment, he would have nothing to hang a hope upon; he would not be here with his appeal from the order. The judgment gave him a right to be heard whether an execution should issue. It is a valuable right. It is one he could not have exercised without the judgment, and he has enjoyed the benefit of it. The inconsistency of

these two appeals is apparent when we consider that we might, if we entertained them both, hold, on the appeal from the order, that the appellant was entitled to execution when he applied for it, and at the same time hold on the appeal from the judgment that the defendant should have 90 days after the rendition of the judgment in this court in which to make the necessary payments to secure title, and that during that time the appellant should not have possession. We have no doubt that the appellant accepted such a benefit under the judgment as precludes his right to appeal from it, the benefit being one which his appeal from the judgment might show he was not entitted to. *Murphy* v. *Spaulding*, 46 N. Y. 556; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Garner* v. *Garner*, 38 Ind. 139; *Sims* v. *Lawes*, 22 La. Ann. 105. The appeal from the judgment is therefore dismissed.

This leaves the appeal from the order to be considered. The judgment directed that the money should be paid and the note and mortgage should be delivered to the plaintiff within 90 days from the date of the decree; and that in case the defendants should fail to make such payment and delivery to the plaintiff, the latter should thereafter immediately become entitled to the exclusive possession of the land, and all rights of the defendants therein be forever barred. It is obvious that the judgment was not complied with according to its letter. The money was not paid to plaintiff, nor were the note and mortgage delivered to him. The payment and delivery were made to the clerk of the court. We are clear that this was not a compliance with the decree. So long as this decree remains unmodified, the plaintiff is entitled, upon these facts, to an order awarding him execution to put him in possession of the land. But, after careful investigation, we have reached the conclusion that the District Court had power, and still has power, to modify its decree in the interests of justice, by extending the time in which this money may be paid and the note and mortgage delivered, or by authorizing the payment and delivery to be made to the clerk of the court. This latter is the usual practice, as it provides a common place

in court where the provisions of the decree may be carried out. It is quite customary in cases like this to declare that the deed, properly executed, shall be delivered to the clerk within a specified period, and that the other party shall pay his money and deliver his papers to the clerk within a certain other period; and that, upon receipt by the clerk of such money and papers, he shall deliver the deed and turn over to the other party the money and securities delivered to him; and that, in the event of the failure of the party to pay such money and deliver such securities within the prescribed time, he shall be barred of all rights in the property, and that the deed delivered to the clerk shall be restored to the grantor therein, and that he shall be given possession of the property. On the motion for an order for execution, the District Court had power to modify its judgment in this way, and still has such power; or it might have modified the judgment by extending the time within which such payment and delivery of papers might be made. Such modification would not in any manner affect the merits of the case. The judgment would stand just as before, except with respect to a matter wholly within the discretion of the trial court,—the question of time or the question of mode of carrying out the decision of the court,—which decision was in substance that defendants might secure the legal title by paying certain money and executing and delivering certain papers. The decision of the court on the merits would be entirely undisturbed by such modification. The fact would still remain that defendants could secure the land by making a certain payment, and by securing the balance of the purchase price, and in no other way, just as much after such modification as before. This portion of the judgment, which we hold may be modified, never rests upon evidence, in the sense that the evidence in the case controls these questions. They are determined by the court without reference to the evidence, being only questions of the mode of carrying out the decision of the court upon the merits. Having decided that the defendants were entitled to a conveyance of the land upon making a certain payment, and

executing and delivering certain papers, the question of time, and the question touching the manner of making payment and delivery, rested in the sound discretion of the trial court, unaffected by the evidence in the case. That courts of equity may, with respect to such matters, modify their decrees in furtherance of justice does not admit of doubt; and we cannot conceive of a case calling more urgently for the exercise of this beneficent power than the case now before us. The defendants, within the 90 days, paid the money and delivered the papers to the clerk of the court, and notified plaintiff of that fact, and plaintiff received this notice before the 90 days had expired. It would be a reproach to a court of equity if it had no power to relieve against a failure to comply strictly with a decree in a matter relating, not to the merits of the case, but solely to the mode of carrying out the decision of the court upon the merits. The authorities fully sustain our conclusion that this power of modification exists. 2 Daniell, Ch. Pl. & Pr. (3d Am. Ed.) pp. 1017, 1018; *Rauth* v. *Railroad Co.,* (Super. Ct. N. Y.) 23 N. Y. Supp. 750; *Conklin* v. *Railroad Co.,* (Sup.) 13 N. Y. Supp. 782. See, also, *Hatch* v. *Bank,* 78 N. Y. 487; *New York Ice Co.* v. *Northwestern Ins. Co.,* 23 N. Y. 357; *Clark* v. *Hall,* 7 Paige, 382; *Adams* v. *Ash,* 46 Hun. 105; Freem. Judgm. § 70; *Genet* v. *Canal Co.,* 113 N. Y. 475, 21 N. E. 390; *Jones* v. *Davenport,* (N. J. Ch.) 17 Atl. 570. In *Rauth* v. *Railroad Co.,* (Super. Ct. N. Y.) 23 N. Y. Supp. 750, the court by order extended the time within which the decree required money to be tendered, and subsequently modified the decree again by an order directing the payment of the money into court. In *Conklin* v. *Railroad Co.,* (Sup.) 13 N. Y. Supp. 782, the court extended the time within which to deliver a deed as fixed by the decree, after the time had expired. In answer to the application for the order awarding execution, defendants might have applied for a modification of the decree. Had this been done, and the judgment been modified by extending the time or by directing the payment and delivery to be made to the clerk of the court, the motion must have been denied, and

on appeal we would have affirmed the order so modifying the decree. But nothing of this kind was done. So long as the decree stood as originally rendered, plaintiff was entitled to the order prayed for. We therefore reverse the order denying the application for an order directing the issue of an execution to put plaintiff in possession of the premises, but we do not direct the granting of such an order. We merely leave the motion in the same position in which it was before it was decided, thus affording the trial court an opportunity to determine whether it will modify the judgment as suggested. The trial court will take such action upon the application for the order for execution, not inconsistent with this opinion, as to the court shall seem to be most conducive to justice.

The appeal from the judgment is dismissed, and the order is reversed. All concur.

(61 N. W. Rep. 468.)

NOTE—The act authorizing trial of questions of fact *de novo* on appeal to the Supreme Court (Ch. 82, Laws 1893) is referred to by the court although its constitutionality is not decided in *Hostetter* v. *Brooks Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49; *In re Eaton*, 62 N. W. Rep. 597. The constitutionality of a similar statute was denied in Wisconsin. *Klein* v. *Valerius*, 57 N. W. Rep. 1112. Findings of fact and verdicts against the clear preponderance of testimony will be set aside. *Jasper* v. *Hazen*, 4 N. D. 1; *In re Eaton*, 62 N. W. Rep. 597; *Paulson & Co.* v. *Ward*, 4 N. D. 108.