In the Matter of the Petition of the BOARD OF WATER COMMISSIONERS OF THE VILLAGE OF WHITE PLAINS, Respondent, to Acquire Certain Real Property.

THE WESTCHESTER COUNTY WATER WORKS COMPANY et al., Appellants.

**Condemnation proceedings — effect of accepting award of appraisers — interest.**

A property owner runs no risk in accepting an award in condemnation proceedings, after confirmation, since it does not affect his right to appeal and the granting of a new appraisal does not change either the title to the land which has been acquired by the condemning party nor the title to the award paid to the owner; hence, after tender of the amount and deposit of the money with the county treasurer, the owner is not entitled to interest thereon, when a new appraisal has been had, but is only entitled to interest on the excess of the second award over the first during the time the party taking the proceedings was in possession.

*Semble,* when private property is taken for public purposes and a substantial period elapses between the time of taking and payment therefor, interest may be awarded to the time of payment or at least to the time of ascertainment of the amount to be paid.

*Matter of Water Comrs. of White Plains,* 132 App. Div. ——, affirmed.

(Argued May 31, 1909; decided June 18, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1909, which modified and affirmed as modified an order of Special Term confirming the report of commissioners in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for the Westchester County Water Works Company, appellant. The defendants' property having been taken into the actual physical possession of the plaintiff on September 1, 1898, they were under the provisions of the State and Federal Constitutions entitled to the value of their property as appraised by the commissioners with interest from that date. (*C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 226)

*S. D. L. Co.* v. *Nat. Co.*, 174 U. S. 739; *Smyth* v. *Ames*, 169 U. S. 466; *Traction Co.* v. *Mining Co.*, 196 U. S. 252; *Henderson Bridge Co.* v. *Henderson*, 173 U. S. 614; *Norwood* v. *Baker*, 172 U. S. 277; *Parks* v. *City of Boston*, 15 Pick. 198; *Matter of Riverside Drive*, 59 App. Div. 605; *Vil. of Port Henry* v. *Kidder*, 39 App. Div. 640; *Tudor* v. *C. & S. S. R. R. Co.*, 164 Ill. 73.) The vacation of the first appraisal by this court rendered it as well as the proceedings taken thereunder an absolute nullity. Hence it cannot stand in the way of defendants' constitutional right of compensation as of the date when their property was taken by the plaintiff. (*French* v. *Edwards*, 4 Sawy. 125; *Close* v. *Stuart*, 4 Wend. 95; *Wood* v. *Jackson*, 8 Wend. 9; *Wambaugh* v. *Gates*, 8 N. Y. 138; *Argenti* v. *San Francisco*, 30 Cal. 458; *Tarleton* v. *Goldthwaite*, 23 Ala. 356; *Allen* v. *Addams*, 17 Conn. 67; *Lewis* v. *St. L. R. R. Co.*, 59 Mo. 495; *Z. G. L. Co.* v. *Zanesville*, 47 Ohio St. 35; *Butler* v. *Easton*, 141 U. S. 240.)

*Charles Haldane* and *David McClure* for Farmers' Loan and Trust Company, appellant. The award of interest, as made by the commissioners of appraisal, confirmed by the court at Special Term, is legal and right. (*Matter of N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60; *Matter of Daly*, 189 N. Y. 34.)

*William N. Dykman* and *Henry T. Dykman* for respondent. The deposit of the award of the first commissioners in pursuance of the order of confirmation with the county treasurer to the credit of or payable to the order of the owner was a full payment and the lands vested in the plaintiff. (Code Civ. Pro. § 3371; *Matter of N. Y. & H. R. R. Co.*, 98 N. Y. 12.) Payment or deposit of the award does not prevent nor does acceptance waive an appeal. (Code Civ. Pro. § 3371; *Matter of N. Y. & H. R. R. Co.*, 98 N. Y. 12.) The order reversing the confirmation of the first report and vacating the award and ordering a new appraisal did not disturb the title

of the plaintiff to the land or of the defendants to the money deposited. (Code Civ. Pro. §§ 3375, 3377; *Matter of N. Y., W. S. & B. R. R. Co.*, 94 N. Y. 287; *Matter of M. Ry. Co.*, 8 App. Div. 320; *Matter of Daly*, 189 N. Y. 34.)

*Per Curiam.* In 1896 the water commissioners of the village of White Plains instituted proceedings to condemn the plant and property of the Westchester County Water Works Company and others. These proceedings eventuated on July 11th, 1898, in an award to the landowners of $103,298, which was confirmed by an order of the Special Term. Upon such confirmation the plaintiff tendered to the owners the amount of the award, and such tender being refused the money was, in accordance with the order of confirmation, deposited with the county treasurer to the credit of the property owners and thereupon the plaintiff entered into possession of the property. From this order appeals were taken to the Appellate Division and then to this court, which set aside the report and directed a new appraisal before other commissioners. (176 N. Y. 239.) This resulted in an award to the property owners of $150,000 as the value of the property taken and $79,725 as interest from the 1st day of September, 1898, when the plaintiff, the board of water commissioners, took possession of the property, to July 11th, 1907, the date of the report. The report was confirmed by the Special Term. On the appeal of the plaintiff the Appellate Division modified the order of confirmation by reducing the interest awarded to the defendants, property owners, to interest on the excess of the second award over the first during the time the plaintiff was in possession, and from that modification the defendants have appealed to this court.

We think the order of the Appellate Division was correct and should affirm it on the opinion rendered in that court were it not for an expression contained therein which may be the subject of misconception. We are not prepared to say that when private property is taken for public purposes under a scheme for its acquisition by which a substantial period may

or must elapse between the time of the taking and that of payment therefor, the constitutional requirement that just compensation shall be made would be satisfied by awarding the property owner merely the value of the property at the time of the taking, without interest to the time of payment or, at least, of the ascertainment of the amount to be paid. Of course we do not refer to such short delays as are necessarily incident to legal proceedings. (*Matter of N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 116.) The case is not similar to that of interest on a claim which is the subject of a suit. There interest is awarded simply as damages. But the question that we have suggested does not arise in this case. The scheme of procedure prescribed by the Condemnation Law is that on the confirmation of the first report and the payment of the award to the property owner or its deposit to his credit the condemning party is entitled to take possession of the land. Either party may appeal from the award and the court may order a new appraisal. But the effect of setting aside the report and the granting of a new appraisal is not to change either title to the land, which has been acquired by the condemning party, or the title to the award, which has been paid to the property owner. It is the settled law of this state that payment need not precede the appropriation of the property, if such payment is sufficiently secured. (*Bloodgood* v. *Mohawk & Hudson R. R. Co.*, 18 Wend. 9; *Sage* v. *City of Brooklyn*, 89 N. Y. 189.) The provisions of the statute in favor of the property owner seem ample to satisfy the constitutional requirements. The original award must be paid to him before he is deprived of his property, and if the new award is larger than the original, he has a lien on the property taken from him for the excess. On the other hand, he runs no risk in accepting the award. It does not operate as a waiver of his right to appeal. (*Matter of N. Y. & Harlem R. R. Co.*, 98 N. Y. 12.) The case is not analogous to a judgment which may be reversed on appeal. A judgment reversed becomes a nullity. But though a new appraisal may be ordered in a condemna-

Opinion *Per Curiam.* [Vol. 195, N. Y. Rep.]

tion proceeding, the effect of the confirmation of the original award is not destroyed. As pointed out, it still transfers title of the land to the condemning party, and the property owner still retains title to the award that has been paid him subject, only in case the new award should be less, to a judgment against him for the difference. On this difference he is not liable for any interest. Therefore, the rights of the property owners were amply secured. The money always belonged to them. At any time they could have drawn it from the county treasurer, and if they have lost the interest on the amount of the original award, it is the result of their voluntary action, and such loss should not be imposed on the respondent. Of course, the property owners are entitled to the interest earned by the fund while with the county treasurer. This has been awarded to them.

We think it unnecessary to add to the very full and adequate discussion of this question in the opinion of the Appellate Division which, in the respect indicated, we entirely approve.

The order should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed.