In the Matter of the Application of THE CITY OF NEW
  YORK, Respondent, Relative to Acquiring Title to '
  Lands in the Sixth Ward of the Borough of Manhat-
  tan, Required as a Site for a New Court House.

SAMUEL GREEN, Appellant.

Condemnation proceedings — appeal — when landowner may
appeal from order confirming award, although he has accepted
the award — erroneous dismissal of such appeal by the Appel-
late Division.

1. Where a landowner whose lands were taken by a municipality
in condemnation proceedings accepted payment of the award but,
nevertheless, appealed from the order of confirmation and the
Appellate Division dismissed his appeal, the Court of Appeals has

jurisdiction to review the order of dismissal. The effect upon the rights of the appellant was the same as an affirmance upon the merits would have been, and since a special proceeding regularly terminates in a final order, this order possesses all the elements of finality.

2. The rule is well established that in ordinary cases a party who accepts the benefit of a judgment thereby waives his right to appeal therefrom, but an appeal from an order of confirmation in a condemnation proceeding is not analogous. Although a new appraisal may be ordered in such a proceeding, the effect of a confirmation of the original award is not destroyed; it still transfers title of the land to the condemning party and the property owner still retains title to the award that has been paid him subject, only in case the new award should be less, to a judgment against him for the difference.

3. While the acceptance of the award does not deprive the land-owner of his right to appeal, it does limit the grounds upon which he can seek a reversal. He may not assail the order of confirmation for irregularity or so far as it adjudges the right of the condemning party to acquire his land, but is confined to an attack upon the award for insufficiency.

*Matter of City of New York (Court House)*, 168 App. Div. 58, reversed.

(Argued November 18, 1915; decided January 4, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 15, 1915, which dismissed an appeal from an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings. The appeal was dismissed upon the ground that the appellant had accepted payment of the award and thereby lost the right of appeal.

The facts, so far as material, are stated in the opinion.

*Alexander Rosenthal* and *George Gordon Battle* for appellant. The Appellate Division erred in granting the motion to dismiss the appeal from the order of the commissioners. (*Matter of Board of Water Commissioners of White Plains*, 195 N. Y. 502; *Matter of N. Y. & H. R. Co.*, 98 N. Y. 12; Lewis on Em. Dom. § 556; *Low* v.

*Concord R. R. Co.*, 63 N. H. 557; *Weyer* v. *Milwaukee R. R.*, 57 Wis. 329; *Matter of N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 49.)

*Lamar Hardy, Corporation Counsel* (*Charles J. Nehrbas* and *Terence Farley* of counsel), for respondent. The order dismissing the appeal is not appealable to this court. (*City of Johnstown* v. *Wade*, 157 N. Y. 50; *Matter of Small*, 158 N. Y. 128; *Van Nostrand* v. *Van Nostrand*, 125 App. Div. 718; 126 App. Div. 926; 193 N. Y. 600.) By accepting payment of the amount awarded to him, the appellant lost his right of appeal. (Lewis on Em. Domain [3d ed.], § 808; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Alexander* v. *Alexander*, 104 N. Y. 643; *People ex rel. Long* v. *Board of Supervisors*, 120 App. Div. 552; *Matter of City of New York*, 212 N. Y. 547.)

WILLARD BARTLETT, Ch. J.    This is a condemnation proceeding to acquire lands as site for the proposed new court house in New York city. By an order of the Supreme Court confirming the report of the commissioners of estimate and appraisal the sum of $135,000 was awarded to the appellant. He accepted payment of the award from the city but nevertheless appealed to the Appellate Division from the order of confirmation. That court has dismissed his appeal and he comes here.

The learned counsel for the respondent questions our jurisdiction to review the order of dismissal. I think we have jurisdiction. By refusing to hear his appeal the Appellate Division virtually made the order of confirmation absolute. The effect upon the rights of the appellant was the same as an affirmance on the merits would have been. If this had been an action instead of a special proceeding the proper practice would have been to enter a judgment of dismissal upon the order. (*Stevens* v. *Central National Bank of Boston*, 162 N. Y. 253, 255.)

A special proceeding, however, regularly terminates in a final order, and this order possesses all the elements of finality. The case cited is authority for the proposition that the courts below cannot deprive this court of jurisdiction by dismissing an appeal thus leaving a judgment or final order in full force against the party claiming to be aggrieved. "In many cases that would have the same effect upon the rights of the parties as an affirmance."

I proceed, therefore, to review the order of dismissal. The rule is well established that in ordinary cases a party who accepts the benefit of a judgment thereby waives his right to appeal therefrom. (*Alexander* v. *Alexander*, 104 N. Y. 643.) The waiver results from the inconsistent attitude of a party who at ,the same time collects the amount of a judgment in his favor and appeals for the purpose of reversing that judgment. But in *Matter of N. Y. & H. R. R. Co.* (98 N. Y. 12, 18) Judge Earl, writing for the court, said that this rule was not applicable to appeals in condemnation proceedings where the claimant seeks to question simply the amount of the award. "That rule is enforced because it would be inequitable and unjust to permit a party to take and hold the benefit of a decision, and yet appeal from and seek to annul it, and the reason of the rule does not apply to such a case as this. Here the city did not seek to enforce the award; it took the money awarded for the land of which it was deprived. It did not seek by the appeal to get the land back again, or to divest the title of the company, but sought only to get more adequate pay for the land." In the case cited the money, pursuant to the provisions of the Railroad Law, had been deposited with the chamberlain of the city of New York from whose custody the city did not withdraw it, so that it was a case of deposit for the benefit of the landowner instead of actual payment. In discussing the question upon principle, Judge Earl added: "If * * * the order shall be reversed, and a new appraisal ordered, the title and possession shall

remain in the company (the condemning party), and if, upon the new appraisal, the award be diminished, the landowner must refund the difference, and if it be increased, the company must pay the difference.   But in any event, after the payment or deposit of the first award, the landowner has, during the corporate existence of the company, lost all right, estate and interest in the land, as well as the use thereof."

The precise point presented by this appeal, however, was necessarily passed upon in our decision in *Matter of Water Commissioners of White Plains* (195 N. Y. 502, 505).   There an award had been made to property owners, who declined to take it and appealed.   The appeal resulted in a new appraisal and an increased award.   The property owners claimed interest on the entire amount from the time of the first award.   It was held that as the property owners were entitled to take the award and still appeal, they were only entitled to interest upon the excess of the second award over the first from the time the condemning party entered into possession.   It was there said: "He (the property owner) runs no risk in accepting the award.   It does not operate as a waiver of his right to appeal (citing *Matter of N. Y. & H. R. R. Co., supra*).   The case is not analogous to a judgment which may be reversed on appeal.   A judgment reversed becomes a nullity.   But though a new appraisal may be ordered in a condemnation proceeding, the effect of the confirmation of the original award is not destroyed.   As pointed out, it still transfers title of the land to the condemning party, and the property owner still retains title to the award that has been paid him subject, only in case the new award should be less, to a judgment against him for the difference.   On this difference he is not liable for any interest."

The same doctrine has received the approval of the courts of last resort in other states.   In *St. Louis, etc., Ry. Co.* v. *Fowler* (113 Mo. 458) the question was whether the landowner was entitled to interest from the time of

the original report, the same as in the *White Plains Case* (*supra*). If the landowner had the right to take the amount of the award pending subsequent proceedings, he was entitled to interest. The court said: "The company has the right to use the property by paying the amount of the first award; and the question is, whether the landowner has the corresponding right to withdraw and use the money pending further proceedings. We are of opinion he has such right. * * * He has the right to withdraw and use the money the same as the company has the right to use the property, he being bound to refund if the final award is less, and the company being bound to pay the excess if the final award is more than that first allowed." In *Low* v. *Railroad* (63 N. H. 557, 561) it was said: "The proprietors of a railroad cannot bar the landowner's right of appeal by a payment or tender of the damages awarded; nor is an acceptance of the sum tendered a waiver of an appeal previously taken. If accepted, the tender operates as a payment *pro tanto*, and if the amount tendered and accepted was sufficient, it bars any further claim of damages, interest and costs by the landowner, and subjects him to a judgment for costs; if insufficient he is entitled to judgment for the additional damages and costs awarded him upon appeal. The plaintiff did not waive the appeal by accepting the sum tendered."

In those jurisdictions in which it has been held that the acceptance of an award operates as a bar to the right of appeal, the distinction in favor of an appeal which seeks only to review the sufficiency of the award does not appear to have been considered. (See *M. & M. R. R. Co.* v. *Byington*, 14 Iowa, 572; *Hartshorn* v. *Potroff*, 89 Ill. 509, and *Baltimore, etc., R. R. Co.* v. *Johnson*, 84 Ind. 420.)

While the acceptance of the award in condemnation proceedings does not deprive the landowner of his right to appeal it does limit the grounds upon which he can seek a reversal. He may not assail the order of confirma-

tion for irregularity or so far as it adjudges the right of the condemning party to acquire his land. He is confined to an attack upon the award for insufficiency. All that he can be heard to say is that he has not received as much for his property as it is worth. There is no inconsistency between the acceptance of the award and insisting that it ought to be larger, provided it is not accepted as payment in full.

Inasmuch, therefore, as the appellant had the right to review the sufficiency of the award by appeal to the Appellate Division, notwithstanding his acceptance thereof, it was error to dismiss his appeal.

The order of dismissal should be reversed, with costs to the appellant, and the case remitted to the Appellate Division to pass upon the merits.

HISCOCK, CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Order reversed, etc.