In the Matter of SAMUEL SILVERMAN et al., Appellants.
R. HOE & Co., INC., Respondent.

Argued October 21, 1952; decided January 15, 1953.

14

*Bernard S. Kanton, George C. Baron* and *Frederick Doppelt* for appellant. I. By accepting the amount conceded by respondent to be due them, petitioners were not precluded from appealing from the disallowance of their motion to recover more than the conceded amount. II. The Appellate Division erred in its decision. It is clear that there was no waiver of the right to appeal as to the quantum of the award. (*Matter of City of New York* [*Court House*], 216 N. Y. 489; *Goepel* v. *Kurtz Action Co.*, 216 N. Y. 343; *Matter of Board of Water Comrs. of Vil. of White Plains* [*Westchester Co. Water Works Co.*], 195 N. Y. 502; *Seymour* v. *Spring Forest Cemetery*

*Assn.,* 4 App. Div. 359, 157 N. Y. 697; *Mellen* v. *Mellen,* 137 N. Y. 606; *Benkard* v. *Babcock,* 17 Abb. Prac. 421; *Matter of City of New York [Court House],* 216 N. Y. 491; *Matter of New York & H. R. R. Co.,* 98 N. Y. 12.) III. The surrender by petitioners of their stock certificates did not constitute a " sale, transfer or assignment " of their right to receive the full value for such stock. (*Matter of City of New York [Court House],* 216 N. Y. 491.)

*Neil P. Cullom* and *Stanford Schewel* for respondent. I. For a valuable consideration, appellants sold, assigned and transferred their stock to respondent; they, therefore, have no interest, legal or equitable, contingent or otherwise, in the appraisal litigation or the proceeds thereof; and, hence, the unanimous Appellate Division properly dismissed their appeals. (*Spencer* v. *Standard Chemicals & Metals Corp.,* 237 N. Y. 479; *Whiting* v. *Glass,* 217 N. Y. 333; *Foster* v. *Central Nat. Bank of Boston,* 183 N. Y. 379; *Amella* v. *Consolidated Edison Co.,* 273 App. Div. 755, 297 N. Y. 1031.) II. By the acceptance of benefits conferred by the order appealed from, i.e., payment for their stock at $7.50 per share, with interest, petitioners were estopped from prosecuting their appeal to the Appellate Division and, hence, such appeal was properly dismissed. (*Clair Marcelle, Inc.,* v. *Agfa Ansco Corp.,* 250 App. Div. 508; *Goepel* v. *Kurtz Action Co.,* 216 N. Y. 343; *Suffolk Co. Nat. Bank* v. *Licht,* 256 App. Div. 1080; *Carll* v. *Oakley,* 97 N. Y. 633; *Wormser* v. *Metropolitan St. Ry. Co.,* 184 N. Y. 83; *Tanenbaum* v. *Consolidated Edison Co.,* 273 App. Div. 755, 297 N. Y. 1041; *Amella* v. *Consolidated Edison Co.,* 273 App. Div. 755, 297 N. Y. 1031; *Lazenby* v. *International Cotton Mills Corp.,* 174 App. Div. 906, 226 N. Y. 645; *Wall* v. *Anaconda Copper Mining Co.,* 216 F. 242; *Wall* v. *Parrot Silver & Copper Co.,* 244 U. S. 408.)

Dye, J. Being dissatisfied with the terms and conditions of a plan of merger with a subsidiary and recapitalization offered by the respondent, R. Hoe & Co., Inc., hereinafter called the Corporation, the petitioners and other stockholders owning 66,547 shares of the authorized 160,000 shares of the corporation and representing approximately 42% of the total common shares outstanding, dissented therefrom. When the corporate

stockholders authorized to vote thereon approved the proposed plan, the petitioners and others then instituted this appraisal proceeding pursuant to section 21 of the Stock Corporation Law to fix the value of the common shares held by them. The appraisers, after hearing controverted testimony, reported that the common stock had a value of $7.50 per share. The Corporation moved to confirm the report at Special Term and the petitioners moved to reject it and to fix the value at $23.30 per share. The Special Term confirmed the appraisers' report by adopting the valuation of $7.50 per share and provided further that interest at the rate of 6% should be paid upon surrender of the stock certificates duly indorsed for transfer and showing payment of all transfer taxes " *within 30 days* after service of a copy of this order with notice of entry ". The petitioners' cross motion was denied as was also their request that the order provide that the surrender by any petitioner herein and the acceptance of payment " for his shares of stock as provided herein shall be without prejudice to the right of each of such petitioners to appeal from this order or the judgment entered thereon in so far as the same denies his right and rejects his application to recover in excess of $7.50 per share exclusive of interest ". The Special Term order also required the respondent to pay $10 costs in favor of each petitioner and the amount of the stenographer's expense for a transcript of the proceedings. Subsequent to the entry and service of the order of confirmation and within the thirty-day period, many of the petitioning stockholders surrendered their stock certificates and received payment at the rate of $7.50 per share plus interest to date of payment. In the meantime counsel for petitioners filed notice of appeal to the Appellate Division, from so much of the Special Term order as restricted the stock valuation to $7.50 per share and which denied petitioners' motion for an order fixing the value of said stock in the sum of $23.30 per share as well as the provision limiting the payment of interest to thirty days after entry of the order. The Corporation cross-appealed from so much of the order as awarded each defendant $10 costs. During the pendency of the appeal certain of the appellant stockholders turned in their shares and took payment at the

authorized rate. Such surrender and payment was without reservation or stipulation by either party respecting prosecution of the pending appeal. Thereafter the Corporation moved in the Appellate Division for an order dismissing the appeal of each of the petitioners who had turned in their stock and received payment on the ground that by such voluntary act those stockholders not only parted with the stock but with all the rights appurtenant thereto, including the right to appeal. The Appellate Division granted the motion and entered its order dismissing the appeal of such petitioners because, we assume, in the absence of any opinion, that their interest in the litigation was deemed thereby terminated for all purposes including the prosecution of the appeal. In other words, we assume that the Appellate Division applied the general rule that in ordinary cases a party who accepts the benefit of a judgment thereby waives his right to appeal (*Alexander v. Alexander,* 104 N. Y. 643) because as we said in *Matter of City of New York (Court House)* (216 N. Y. 489, 492), the waiver results '' from the inconsistent attitude of a party who at the same time collects the amount of a judgment in his favor and appeals for the purpose of reversing that judgment '' (cf. *Matter of New York & H. R. R. Co.,* 98 N. Y. 12). Such general rule, however, is not of universal application as there is a line of cases to the effect that the right to appeal survives the acceptance of benefits not inconsistent with an appeal from other parts of the judgment or when the right to the benefit is absolute (Cohen and Karger, Powers of the New York Court of Appeals, § 95, p. 407; 4 C. J. S., Appeal and Error, §§ 215, 216; 2 Am. Jur., Appeal and Error, §§ 214–221). This principle has been most usually applied in proceedings for condemnation of land for public use on the theory that the claimants have received nothing to which they would not be entitled in any event (*Matter of Board of Water Comrs. of Vil. of White Plains [Westchester Co. Water Works Co.],* 195 N. Y. 502; *Matter of City of New York [Court House], supra*).

This line of cases holds that in condemnation proceedings, the acceptance of payment under a judgment does not bar an appeal where the claimant seeks merely to question the *amount* of the award (*Matter of City of New York [Court House],*

*supra*; *Matter of New York & H. R. R. Co.*, 98 N. Y. 12, *supra*). Under these cases, while claimant may not question the right of the condemning party to acquire the land, and as long as claimant does not seek to get the land back, but only to increase the amount of the award, he does not lose the right to appeal by accepting the award. The rationale of these decisions is that even though the judgment might be reversed on appeal, " the effect of the confirmation of the original ,award is not destroyed * * * it still transfers title of the land to the condemning party, and the property owner still retains title to the award that has been paid him subject, only in case the new award should be less, to a judgment against him for the difference " (*Matter of Board of Water Comrs. of Vil. of White Plains* [*Westchester Co. Water Works Co.*], *supra,* p. 506).

A variant of this general principle was applied in that case. There an award had been made to property owners who *declined* to take it and appealed. The appeal resulted in a new appraisal and an increased award, whereupon the property owners claimed interest on the entire amount from the time of the first award. We held, however, that as the property owners were entitled to take an award and still appeal, they were entitled to interest only upon the excess of the second award over the first.

There is room in the condemnation statutes for applying such a policy and by the same token there is room for application of the principle to appraisal awards in stock valuation proceedings. Subdivision 6 of section 21 provides that a stockholder demanding payment for his stock shall, following a stockholders' vote in favor of the action to which objection was made, have no rights with respect to such stock " *except the right to receive payment for the value thereof* as in this section provided " (emphasis supplied).

When fairly read it seems clear beyond peradventure that the scheme of the statute contemplates that a dissenting stockholder shall receive the value of his stock and this, if it means anything, must mean the proper value. Nowhere does the statute indicate that his right to establish such value, including the right to appeal from a controverted valuation, is cut off by the surrender and acceptance of payment at the controverted

appraised value. Under such a reading of the statute, there is no substance to the respondent's contention that surrender of the stock certificates and acceptance of payment at the appraised rate amounts to a waiver of his right to appeal to test the propriety of the quantum. The words of the statute relied on by respondent, viz. (subd. 7): " Upon receipt of such payment, the objecting stockholder shall cease to have any interest in the corporation or its assets by reason of his ownership of the stock so paid for " do not bear such a construction for to accord it such a meaning would render the other provision " to receive payment for the value thereof " an empty meaningless phrase. Ceasing to have any interest in the corporation upon surrender of the stock, as provided in the statute, contemplates a right to notice, to attend meetings and to vote, and is not in any sense inconsistent with the right to receive payment " for the value thereof ". Such a view is not inconsistent with or contrary to the rule recently enunciated in *Tanenbaum* v. *Consolidated Edison Co.* (273 App. Div. 755, motion for leave to appeal denied 297 N. Y. 1041) and *Amella* v. *Consolidated Edison Co.* (273 App. Div. 755, motion for leave to appeal denied 297 N. Y. 1031) for there the benefits of the merger plans were accepted without any appeal being taken from the appraisal order. Under such circumstances, nothing survived to sustain the derivative suit, a situation clearly distinguishable from the one at hand.

The circumstance that the petitioners sought on the return of the respondent's motion for confirmation to have a provision included in the order permitting acceptance of payment at the appraised rate *without* prejudice to an appeal — which the court rejected — does not establish a waiver in and of itself — in fact, the appeal negates consent. It was, in truth, a bona fide effort to avoid litigating the very dispute now before us.

The order should be reversed, with costs, and the appeal to the Appellate Division reinstated.

FROESSEL, J. (dissenting). I dissent. The rule is well settled that ordinarily a party who accepts the benefit of a judgment or order thereby waives his right to appeal therefrom (*Alexander* v. *Alexander,* 104 N. Y. 643; *Matter of City of New York* [*Court House*], 216 N. Y. 489, 491, 492). That rule is not

applicable to appeals in condemnation proceedings (*Matter of New York & H. R. R. Co.*, 98 N. Y. 12, 18; *Matter of City of New York* [*Court House*], *supra*), nor in exceptional situations where in effect we are dealing with different claims in the same judgment (*Goepel* v. *Kurtz Action Co.*, 216 N. Y. 343 [goods sold and loss of profits]; *Mellen* v. *Mellen*, 137 N. Y. 606 [separate interests in a partition action]).

Here each claim is one and indivisible, its disposition is directly challenged by the notice of appeal, and the prosecution thereof is governed by a statute, which should be interpreted to mean what it says. Subdivision 6 of section 21 of the Stock Corporation Law provides that in a situation as we have here, the only right of dissenting stockholders is " the right to *receive payment* for the value [of their stock] as in this section provided " (emphasis supplied). That value was fixed by the Supreme Court. When, pursuant to that court's order, appellants voluntarily received " such payment " from respondent, and at the same time sold, assigned and transferred the shares represented by their certificates, indorsing and physically surrendering same unconditionally, they ceased, under subdivision 7 of section 21, " to have *any* interest in the *corporation or its assets* by reason of * * * ownership of the stock *so paid for* " (emphasis supplied). Their appeals were properly dismissed.

LOUGHRAN, Ch. J., LEWIS, DESMOND and FULD, JJ., concur with DYE, J.; FROESSEL, J., dissents in opinion in which CONWAY, J., concurs.

Order reversed, etc. [See 305 N. Y. 626.]