## ANN CORWIN et al.

### v.

### HENRY SHOUP.

1. RELEASE OF ERRORS—*accepting proceeds of sale.* When a party accepts the benefits of a decree, he can not, afterwards, prosecute a writ of error to reverse it. Such act operates as an estoppel, and may be treated

as a release of errors. And any act by a party which would render it fraudulent to reverse a decree, may be relied on as a release of errors.

2. So, where the lands of minors were sold under proceedings for partition, and the minors, after coming of age, settled with their guardian and received their share of the proceeds of the sale, this was held sufficient to bar them from prosecuting a writ of error to reverse the decree in the partition suit.

3. SAME—*plea of*. A plea to a writ of error which simply avers that the errors were released, without stating in what manner, or whether by deed, by parol, or by acts *in pais*, is too general. It should state the facts that are relied on as a release of errors.

4. PRESUMPTION—*as to knowledge of facts*. Where a party, after arriving at age, settles with his guardian, and receives moneys in the hands of the guardian belonging to him, and derived from a sale of his real estate, it will be presumed that he received the same with a knowledge of the source from whence it came, and did the act deliberately.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. DAVID DAVIS, Judge, presiding.

This was a petition for partition, filed by Henry Shoup against Mary Shoup, Sarah Shoup, Ann Shoup, Samuel Shoup, Emma Shoup, Josephine Shoup, Polly Shoup, and Samuel Shoup, Sr. The proceeding was commenced in 1856, and a decree of sale was had, under which the lands described in the petition were sold. This writ of error was prosecuted by Ann Corwin (formerly Shoup), Samuel Shoup and Emma Shoup, who were minors at the rendition of the decree and sale in partition. The other facts bearing upon the questions decided, are stated in the opinion.

Messrs. MORRISON & PATTON, for the plaintiffs in error.

Messrs. STUART, EDWARDS & BROWN, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was originally a petition for partition, filed by defendant in error, in the Sangamon circuit court, against plaintiffs in error, for the division of several tracts of land and

for the assignment of dower to the widow of the ancestor of plaintiffs in error. Process was sent to Christian county, and service had. An appearance was entered by an attorney for the defendants, who were minors, who acted under power of attorney from their guardian. A hearing was had, and a partition was decreed, and in the same decree it is recited that a guardian *ad litem* was appointed for the minor heirs, and that he filed an answer. Commissioners were appointed to make partition. but they reported that the land was not susceptible of division, and the widow did not desire the assignment of dower.

· Thereupon. the court decreed the sale of the land, and directed the division of the money received on its sale. The record is now brought to this court, and numerous errors are assigned.

Defendant in error does not join in error, but pleads a release of errors in three different modes, in as many several pleas. The third plea is this:

"And for further plea defendants say, by their attorneys, as to all of said errors assigned by said plaintiffs, that plaintiffs in error their writ of error to maintain ought not, because he says that the said plaintiff, Samuel Shoup, after he was twenty-one years of age, to-wit: on the 13th day of June, 1872, to-wit: at the county aforesaid, upon full settlement with Samuel H. Melvin, his guardian, received of said Melvin the sum of $17, balance, in full, of the amount of his share of the purchase money of said land allotted and apportioned to said Samuel, (except his share in the amount set apart for the use of said widow), the said Samuel well knowing that the same was for the proceeds of the land sold under and by virtue of said decree in said record mentioned; and that heretofore, to-wit: on the 22d day of December, 1871, and after the said Emma had attained the full age of eighteen years, she received of said Melvin, her guardian, upon full settlement with him, the sum of $91.32, in full of the balance of her share of the proceeds of the sale of said lands, except as

aforesaid, well knowing that the said money so received by her was from and of the said proceeds of the said sale of said lands ; and the said Anna, alias Annie, heretofore, to-wit: on the 12th day of August, A. D. 1868, at the county aforesaid, and after she had attained the full age of eighteen years, received, on full settlement, from her guardian, said Melvin, the sum of $256.38, balance of her share of the proceeds of the sale of said lands, except as aforesaid, and with full knowledge that the said sum of money was of and from said proceeds.  Said defendant in error avers, that the said shares of the said proceeds had been theretofore paid to the guardian of said plaintiffs, and that the amount, except the several sums above stated as paid to each of said plaintiffs on settlement, had been theretofore paid to or for the use of said plaintiffs, and at the time of such settlement each of said plaintiffs was apprised of and knew that such application had been, by their guardian, appointed by the county court of said county, made for their use and benefit of their said portion of such proceeds, whereby each of said plaintiffs in error has released, waived and for naught held the said errors, if any, to-wit : at the said several times above mentioned, to-wit : at the county aforesaid, and this he is ready to verify ; wherefore, etc."

Whilst this is not, according to the ancient forms, a plea of release of errors, it is, according to various decisions of this court, a sufficient bar to the writ of error.  *Morgan* v. *Ladd,* 2 Gilm. 414; *Thomas* v. *Negus,* ib. 701 ;  *Austin* v. *Bainter,* 40 Ill. 82.  In the first two of these cases, it was held that where a party accepts the benefit of the decree, he can not afterwards prosecute error to reverse it—that it operates as an estoppel, and may be treated as a release of errors.  In the last of these cases it was said, that any act by a party which would render it fraudulent to reverse a decree, might be relied on as a release of errors.  And the third plea in this case is fully within the principle of these decisions.

The second plea sets up the same facts, but not so fully as the third, but, on an issue joined under that plea, the same *quantum* of proof would be required. Although it does not aver that the plaintiffs in error were of age, and capable of binding themselves by their acts, still that would have to be proved on the trial. That being proved, the presumption would then be, that the parties receiving the money under the decree did so with full knowledge of the source from whence it came, and did the act deliberately.

The first plea is too general: it only avers that the errors were released, without stating in what manner. It does not aver that it was by deed, by parol, or by acts *in pais*. A plea of this kind should state the facts that are relied on as a release of errors.

The demurrer will be sustained to the first plea, but overruled as to the second and third pleas, and the writ of error dismissed and the judgment affirmed.

*Judgment affirmed.*