## NANCY J. SHIVERS ET AL. *v.* THOMAS SIMMONS.

1. **MARRIED WOMAN.** *Estoppel. Defective acknowledgment to deed.*

   A married woman who, on exchanging lands, received a perfect deed, but gave one the certificate of acknowledgment to which was fatally defective, is estopped, when nine years thereafter the defect is discovered, to assert her title, if she has sold the lands received, and with the proceeds purchased others.

2. **SAME.** *Bill to remove cloud.*

   If, in such case, doubt or suspicion is cast on the title of her grantee by her claim, he may proceed in equity, under § 975 Code 1871, to remove the cloud, although she has not moved against the land.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

This bill, by Thomas Simmons against Nancy J. Shivers and her husband, alleges that, under an agreement whereby he was to convey her a tract of his land for $1,000, and she to convey him a tract of hers for the same sum, on Dec. 16, 1867, he executed to her a conveyance of his, and she, with her husband, legally acknowledged and delivered to him a deed to hers, intending it to pass title; but that in October, 1876, Mrs. Shivers in the mean time having conveyed away the lands received by her, and with the proceeds purchased others, which she now owns, the complainant discovered that in the certificate of acknowledgment to the deed to him the magistrate had, by ignorance or oversight, failed to state her private examination; that he applied to Mrs. Shivers, who, with her husband, promised to rectify it; but that now they, combining and confederating with others to the complainant unknown, to defraud him, pretend that she never signed or acknowledged the deed, and, refusing to correct it, threaten to sue for the land, which,

with her knowledge, the complainant has partly conveyed by warranty deeds, and on the remainder of which he has made valuable improvements. The prayer is that Mrs. Shivers be decreed to hold the legal title as trustee for the complainant, and be perpetually enjoined from asserting it against him. From a decree overruling their demurrer to the bill the defendants appealed.

*Harris & George*, for the appellants.

1. The deed of Mrs. Shivers without proper acknowledgment is void, and cannot be amended even by the *feme covert*. She can only make a new acknowledgment, to take effect from its date. *Willis* v. *Gattman*, 53 Miss. 721.

2. A married woman cannot be estopped, so as to have the effect of a conveyance of her property. She cannot convey, except in the mode prescribed by the statute. *Palmer* v. *Cross*, 1 S. & M. 48. The " standing by " is but a void acquiescence in a void deed. If it were true that on repudiating her contract to sell her land she would be compelled to restore the land received by her as its price, it would not follow that the complainant would be entitled to recover the land for which she has sold this land.

*L. O. Bridewell*, for the appellee, invoked the doctrine of equitable estoppel, citing 8 Wend. 480 ; *Bunce* v. *Rice*, 49 Mo. 231 ; *Miller* v. *Land Co.*, 66 N. C. 503 ; *Tilton* v. *Nelson*, 27 Barb. 595 ; *Smith* v. *Cramer*, 39 Iowa, 413 ; *Cox* v. *Rogers*, 77 Penn. St. 160 ; *Storrs* v. *Barker*, 6 Johns. Ch. 67 ; 2 Smith's Lead. Cas. 734, 750, 760 ; 1 Story Eq. Jur. §§ 385, 386, 388, 391 ; *Wiley* v. *Gray*, 36 Miss. 510 ; *Wilie* v. *Brooks*, 45 Miss. 542 ; *Douglas* v. *Bennett*, 51 Miss. 680.

CAMPBELL, J., delivered the opinion of the court.

Upon the facts stated in his bill, the complainant is, in the view of a Court of Chancery, the real owner of the land, and Nancy J. Shivers should be estopped from ever asserting title against him. Her conveyance without proper acknowledgment did not divest her legal title, but she received its price in the conveyance of land by the complainant to her, and she has conveyed that land so as to place it beyond the reach of a decree for rescission ; and this precludes her from claiming the land bar-

gained to the complainant. To allow her now to repudiate the act by which she obtained the land of the complainant would. be to sanction a gross fraud. *Handy* v. *Noonan*, 51 Miss. 166.

Mrs. Shivers has·not made any movement ·against the land the complainant obtained from her, but she pretends to have some right or title thereto, which casts doubt or suspicion on the complainant's title ; and, under § 975 of the Code, he is entitled to bring her into the Chancery Court to have such doubt or suspicion removed.

*Decree affirmed, with leave to answer within sixty days.*

*J. Z. George*, for·the appellants, then filed a petition for reargument, in which he insisted that the decision of the court was a virtual repeal of the statute regulating conveyances by married women.

CHALMERS, J., delivered the following opinion on the petition for reargument : —

· It is suggested by counsel that our decision virtually works a repeal of the statutes regulating the conveyance by married women of their real estate. A private examination and acknowledgment by a married woman is not more essential to a conveyance of her real estate, than is the signature of a man to an instrument purporting to convey his ; and can there be any doubt that if a man who had attempted to exchange his lands with another, but who, from an unnoticed oversight, had failed to sign the deed, would be estopped to recover his lands after he had conveyed away those which he had received in exchange for them ? An equitable estoppel, so far from operating to repeal the law, proceeds upon a full recognition of the legal rights of the party against whom it is invoked, but declares that his conduct has been such that he shall not claim the benefit of the law. The court says to him, in effect, We admit your legal title, but we shall not permit you to assert it, because it would be a fraud in you to do so. Is this repealing the law ? If so, then Statutes of Frauds, of Limitation, of Registration, of Wills, and of every other conceivable character, have, time out of mind, been abrogated by Courts of Chancery. It is not too much to say that no statute was ever

drawn sufficiently rigid in its terms to preclude a court of equity, under some circumstances, prohibiting a party from claiming its benefits.

The only question for us to decide in this case was whether, under the facts disclosed in the record, we would apply this salutary principle to a *feme covert*. This court, by a long and unbroken series of decisions, has established the doctrine that, where the real estate of a married woman has been sold under judicial proceedings absolutely void as to her, she will be estopped from reclaiming it after she has received the purchase-money. We do not say that a mere reception of the purchase-money would estop her where she has attempted to convey by an invalid deed, though it seems difficult to see how the purchaser's title is void in the one case and not in the other. It is true, on the other hand, that a man who has made a conveyance wholly inoperative under the Statute of Frauds will not always be estopped by a reception of the purchase-money, and that the remedy of the vendee ordinarily is by an action for its recovery. But that is not the case before us. Mrs. Shivers bargained for an exchange of lands with the appellee. They mutually exchanged possession. She received from him a perfect deed, and delivered to him a defective one. Nine years elapsed; she has conveyed away all the lands which she received from him, and with the proceeds has purchased other lands, which she now holds; and when, after all this, the defect in the deed made by her is discovered, she refuses to correct it, and threatens to bring suit for the lands which she thought she had conveyed nine years before. Under such circumstances, justice can only be accomplished by enjoining the prosecution of such a suit; and this remedy we have no hesitation in applying. Precedents for such a decision are not wanting; but, if none existed, as our State took the lead in 1839 in conferring rights of property upon married women, it would be eminently proper that this court should take the lead in declaring that they cannot use those rights to defraud others. The enlarged rights of married women with respect to their separate property must carry enlarged responsibilities.

*Reargument denied.*