SALLIE J. CONNOR v. A. W. TIPPETT ET AL.

1. STATUTE OF FRAUDS. *Conveyance of contract for land.*

Two persons, each of whom owns and occupies a tract of land under a bond for title, cannot, under the Statute of Frauds, exchange the tracts by surrendering them and delivering the respective title-bonds to each other.

2. ESTOPPEL. *Restoration of status quo.*

*Quære,* whether one of the persons can enjoin the other from asserting title to the land which he surrendered, upon the ground that he has disposed of that which he received.

ERROR to the Chancery Court of Noxubee County.

Hon. L. BRAME, Chancellor.

*Rives & Rives,* for the plaintiff in error.

The sale of an equity in land is not within the Statute of Frauds. In several cases this court has sustained verbal sales of such interests. *Russell* v. *Watt,* 41 Miss. 602; *McLain* v. *Thompson,* 52 Miss. 418. If a note, secured by lien, is assignable by delivery, why is not a bond for title? To hold that the statute applies to all interests in land would seriously embarrass the business of the country. W. M. Connor is estopped to defend, upon the ground that no title passed, for he is insolvent, and has sold the land which he received. *Shivers* v. *Simmons,* 54 Miss. 520. Matter of estoppel may be invoked by a complainant as a ground for relief. *Swain* v. *Seamans,* 9 Wall. 254, 272; *Grist* v. *Forehand,* 36 Miss. 69; *Davis* v. *Bowmar,* 55 Miss. 671.

*Jarnagin, Bogle & Jarnagin,* for the defendants in error.

Nothing takes this case out of the Statute of Frauds. No written instrument, however perfect, is sufficient of itself to

convey title to land so long as it remains in the exclusive possession of the vendor. *Johnson* v. *Brook*, 31 Miss. 17 ; *Jelks* v. *Barrett*, 52 Miss. 315, 324. An exchange of lands stands on the same footing as a sale. *Moss* v. *Culver*, 64 Penn. St. 414. A parol contract for the exchange of lands, accompanied by the transfer, by delivery of the bonds for title and mutual surrender of possession, does not meet the requirements of the statute. Code 1871, § 2896. It is no more than part-performance of a verbal contract. *Box* v. *Stanford*, 13 S. & M. 93. W. M. Connor had such an interest in the land that even under the lax rules of the English courts the bill would be dismissed. *Bell* v. *Howard*, 9 Mod. 302. He was the owner in possession, who could devise, sell, or incumber the land, and Tippett held the legal title as his trustee. No exception to the statute is permissible. *Beaman* v. *Buck*, 9 S. & M. 207 ; *Hairston* v. *Jaudon*, 42 Miss. 380. Estoppel cannot create an exception. Bigelow on Estoppel, 448, *n.* 4. To admit one exception opens the door to the whole series. The cases referred to by the opposing counsel do not relate to the Statute of Frauds. In *Shivers* v. *Simmons*, the deed was written and signed, but the acknowledgment was defective.

CHALMERS, J., delivered the opinion of the court.

W. S. Connor owned and occupied, under a bond for title, a tract of land in Noxubee county, known as the Walker tract. W. M. Connor owned and occupied, in the same way, a tract known as the Tippett place. They agreed to exchange lands, and each surrendered to the other possession of the respective tracts, and transferred by delivery the respective title-bonds. No written assignment was made as to either. The full amount due on the Tippett place to the original vendor having been paid, this bill is filed by the widow of W. S. Connor against A. W. Tippett and W. M. Connor to compel the execution and delivery of a deed. W. M. Connor demurs on the ground that his interest in the land, under the title-bond, did not pass by the bare delivery of that instrument, without a written assignment, and that to force him now to make a conveyance would be a violation of the Statute of Frauds.

The demurrer was properly sustained. An equity in lands is as much within the Statute of Frauds as the legal title, and it is no more competent to convey the one by parol than the other. So also a verbal contract to buy a contract for lands, or, in other words, to buy another man's rights, under an executory contract for the sale of lands to him, is within the statute and void. Browne on the Statute of Frauds, § 229; *Smith* v. *Burnham*, 3 Sumner, 435; *Simms* v. *Killian*, 12 Ired. 252; *Rice* v. *Carter*, 11 Ired. 298; *Richards* v. *Richards*, 9 Gray, 313. Whether, under the principle laid down in *Shivers* v. *Simmons*, 54 Miss. 520, the complainant would have the right to enjoin W. M. Connor, or those claiming under him, from asserting title to the Tippett place, upon the ground that he has aliened the Walker place, and thereby rendered a restoration of the *status quo* impossible, can only be determined when there has been such assertion, and upon a bill filed to enjoin it.      *Decree affirmed.*