WILLIAM S. KEEL ET AL. *v.* JOSEPH T. JONES ET AL.

[47 South. 385.]

PARTITION. *Sale of land. Estoppel.*

> Where adult defendants to a partition suit, in which the lands were sold for division of the proceeds, accepted their distributive shares of the proceeds of the sale and acquiesced therein for fifteen years, they are estopped to question the validity of the sale, even though the decree for the sale be void.

FROM the chancery court of Harrison county.
HON. THADDEUS A. WOOD, Chancellor.
Keel and two others, appellants, were, with others, com-

plaináants in the court below; Jones and others, appellees, were
defendants there.   From a decree sustaining a demurrer to the
bill appellants appealed to the supreme court.

The suit was begun in 1904, by Keel and four others, being
the five children of William S. Keel, deceased, against their
mother, Maria A. Keel and against appellees Jones and the
Gulf Coast Lumber Company.   The complainants sought the
cancellation of certain deeds to lands formerly belonging jointly
to the complainants and their mother by inheritance from Wil-
liam S. Keel, deceased, which had been sold in 1888 under a de-
cree of the chancery court in a suit for partition.   The pleadings
and proceedings in the partition suit were made an exhibit to
the complainants' bill and showed that the partition proceedings
had been brought by two of the present complainants, at that
time infants, by their mother as next friend, the then adult com-
plainants being defendants therein, and that the mother had
bought the land at the partition sale.   The exhibit further
showed that the three appellants, who were adults at the time of
the partition sale, answered the bill in the partition suit ad-
mitting its averments to be true and that they received their dis-
tributive shares of the proceeds of the partition sale, and volun-
tarily executed receipts to their mother therefor. The opinion of
the court further states the facts.

Appellees Jones and the Gulf Coast Lumber Company separ-
ately demurred to the appellants' bill, on the grounds that such
of the complainants in the present suit as were adults when the
partition sale was made were, by their conduct in participating
in the partition proceeding and executing receipts for their
shares of proceeds of the partition sale, estopped to question the
validity of said proceedings; and that, as concerned the com-
plainants who at the time of the partition sale were infants,
they had failed, within two years after reaching majority, to re-
view the proceedings.
complainants as were adults when the partition proceedings

were instituted, the present appellants, but overruled them as to those complainants who were infants at the time of said proceedings.

*W. R. Harper,* for appellants.

The partition sale, under the proceedings shown in the exhibit to the bill in the present suit, was void as to the infants, hence was and is void as to all the parties therein concerned. *Weis v. Aaron,* 75 Miss. 138, 21 South. 763; *Moore v. Sommerville,* 80 Miss. 333, 31 South. 793, 32 South. 294.

The partition sale was void, because the chancery court acquired no jurisdiction over the persons of the infants, in the partition suit of 1888, under which the lands in question were sold to Mrs. Maria A. Keel, appellants' mother. *Roodhouse v. Roodhouse,* 132 Ill. 362; *Simpson v. Coldwater,* 6 Caldw.(Tenn.) 629; *Prince v. Clark,* 81 Mich. 168.

The chancery court never acquired jurisdiction over the subject matter of the partition suit, that is, it never acquired jurisdiction to order a sale of the realty instead of a division thereof in kind. *Cox v. Kyle,* 75 Miss. 667, 23 South. 518; *Thatcher v. Powell,* 6 Wheat. 118; *Bank v. Johnson,* 7 Smed. & M. (Miss.) 613; *Galpin v. Page,* 18 Wall. (U. S.) 370; *Claxton v. Claxton,* 56 Mich. 557; *Kirkland v. Texas Express Co.,* 57 Miss. 319; *Mackin v. Wilds,* 106 La. 1, 30 South. Rep. 257.

The partition sale was void because (1) not made for cash, and because (2) made without adequately securing compensation to the owners. *Blythe v. Hernando Bank,* (Miss.) 17 South. 4; *Scott v. Toledo,* 36 Fed. 385; *Chicago, etc. Co. v. Chicago,* 166 U. S. 226.

The sale was absolutely void, because Maria A. Keel, mother of appellants, could neither as next friend nor as guardian purchase at the partition sale. Code 1880, § 2115; *Downs v. Richards,* 4 Del. (Chan.) 416.

On demurrer there is nothing shown in the appellants' bill to warrant the application of any statute of limitation or other

equitable defense. *Martin v. Gilleylen,* 70 Miss. 324, 12 South. 254; *Foster v. Canning Co.,* 71 Miss. 624, 15 South. 931; *Sharpley v. Plant,* 79 Miss. 175, 28 South. 799; *Gibson v. Currier,* 83 Miss. 255, 35 South. 315.

The appellants can in no way be precluded from this proceeding on the ground of estoppel. The only thing in their bill on which such a defense can in any way be based is the allegation that the adults, before the sale, executed a receipt in blank which their mother filled out. But the bill distinctly avers that they never received one cent of money from her on account of these lands, at any time. A receipt is merely *prima facie* evidence of a fact, and may be contradicted; and the bill does contradict the averments of such receipts. With this allegation that no money had ever been paid to appellants, there was no necessity for offer to do equity on their part. The question of *bona fide* purchaser without notice will not change the situation.

*Ford, White & Ford,* for appellees.

It is to be noted that the appellants' bill was filed more than sixteen years after the partition sale of the lands, and about seven years after the youngest of the appellees arrived at adult age. The bill makes no explanation of this long inaction.

A judgment or decree in which minors are plaintiffs or complainants is *res judicata* just as though they were adults. *Burkett v. Burkett,* 81 Miss. 583, 33 South. 417; *Johns v. Harper,* 61 Miss. 142.

It is shown by the record that in the partition suit three of the present appellants were defendants therein, each being an adult; that these three filed answer in writing severally signed by them and admitting therein that the allegations of the bill for partition were correct. With such answer admitting the averments of the bill, what was there left to prove? It is true the bill was not sworn to, but there is nothing in the statute law requiring such bill to be sworn to. The answer filed by the defendants, the present appellants, was admissible in evidence

against them. 1 Encyc. Ev., 445; *Greenleaf v. Highland,* 1 Miss. (Walker), 375; *Hire v. Littel,* 20 N. J. Eq. 443; *Taylor v. Webb,* 54 Miss. 364.

The alleged infant defendants in the partition suit were represented by their mother as next friend. It has been twice held by this court that a previous order from the court authorizing a suit in behalf of an infant by a *prochein ami* is not necessary. *Kraus v. State,* 54 Miss. 644; *Bull v. Dangerfield,* 55 Miss. 602.

It is contended by opposing counsel that the partition sale was absolutely void because the mother of appellants, who instituted the suit, and who acted as next friend of the infants concerned, became the purchaser of the realty at the partition sale. Her purchasing the property is more a matter of propriety than of law. If the purchase was made with intent to defraud and wrong the infants, the infants by timely proceedings after reaching adult age, had ample time to redress the wrong. However, the fact that the court confirmed the sale should show that the allegation of unfairness upon the mother's part is more an opinion of the pleader than the statement of a fact.

The appellants who were adults at the time of the partition sale, by receiving their *pro rata* shares of the purchase price of the lands, were and are estopped to question the validity of the sale. They gave receipts for such shares, and the receipts were filed in the cause, and became notice to the world in general. Nothing of record, for the space of fifteen years, was apparent to show to any prospective purchaser of the lands that the transaction was not valid and satisfactory to all concerned. No investigation of the record, however minute, would have brought out any fact or imparted any notice to a purchaser that there could be any grounds of complaint upon the part of any defendant to the partition proceeding.

CALHOON, J., delivered the opinion of the court.

This bill was filed by the five children of W. S. Keel, who, together with their mother, were the heirs at law of the deceased,

and these children make as defendants their mother, Maria A. Keel, Joseph T. Jones, and the Gulf Coast Lumber Company; the last two being remote purchasers of land sold pursuant to an order of the chancery court for parteition. The bill was filed for the purpose of cancelling the deeds to the property subsequent to the sale as the five-sixths interest claimed by complainants, and for partition of the property. The bill makes an exhibit of all the proceedings in the chancery court ordering the original sale for partition. This exhibit shows that the three adult complainants in the present bill at the time of the sale by the commissioner under decree, were adults, and that in fact, they actively participated in the proceedings vesting title under that decree in Mrs. Keel. It shows, also, that they executed receipts to their mother for their distributive shares of the proceeds of the sale. The bill, in the original proceeding, was filed in the name of the two minors, by their mother, Maria A. Keel, as their next friend and the three then adults were parties defendant, who appeared, confessing the bill for partition, and consenting to the sale as prayed, and there are as has been said, their receipts for their respective shares of the purchase money all of record in that proceeding. There was a demurrer filed to this bill by the defendants. The court sustained the demrurer as to those who were adults at the time of the decree in the original cause, and overruled the demurrer as to the two who were minors at the date of that original decree. An appeal is taken in the present litigation by the three then adults from the action of the court in sustaining the demurrer as to them.

We think that the action of the court in sustaining the demurrer as to the appellants was correct. It is a matter of estoppel as to them. It cannot be tolerated that fifteen or sixteen years after the decree, and after distribution to them, they should be heard to assert, as they do, that, the whole proceeding being void, they could not be bound. Any distinction between void and voidable cannot be entertained in such a case. We do not now decide whether that original decree was valid, or absolutely

void, or voidable. We simply held that they are estopped by their action in the original proceedings. If it be granted that the decree in the original proceeding was void as to all the defendant heirs, there would be no difference under the facts of this case. It has been held repeatedly in Mississippi, and it is settled law here that the acceptance of the distributive share of the purchase money realized on a sale for partition under a void decree estops. *Handy v. Noonan,* 51 Miss. 166; *Young v. Walker,* 70 Miss. 813, especially pages 818-820, 12 South. 546, 901; *Lee v. Gardiner,* 26 Miss. 521; *Kempe v. Pintard,* 32 Miss. 324; *Willie v. Brooks,* 45 Miss. 542, especially bottom of page 547; *Gaines v. Kennedy,* 53 Miss. 103-109; *Shivers v. Simmons,* 54 Miss. 520, 28 Am. Rep. 372; *Corwin v. Shoup,* 76 Ill. 246; *Webster v. Bebinger,* 70 Ind. 9. This course of decision is in no degree affected by *Moore v. Sommerville,* 80 Miss. 323, 31 South. 793, 32 South. 294, which case simply holds that a decree of partition which is void as to one is void as to all, but in a case where the proceeds of the sale have not been distributed, as will be seen in the opinion in *Moore v. Sommerville* on page 332 of 80 Miss., page 295 of 32 South., and there was no question whatever of estoppel in that case.

The decree of the court below, sustaining the demurrer to the bill of appellants, and dismissing the original bill as to them, is affirmed.

*Affirmed.*