---

(No. 13728.—Demurrer sustained.)
THE PEOPLE *ex rel.* S. K. Strother, Plaintiff in Error, *vs.* CHARLES W. SLEIGHT *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*

1. APPEALS AND ERRORS—*assignments of error constitute plaintiff in error's declaration in a reviewing court.* Assignments of error in a reviewing court constitute the plaintiff in error's declaration, to which pleas in release of errors may be filed.

2. SAME—*plea of release of errors must state facts and not conclusions.* A plea of release of errors should not state merely that the errors were released but it must state the facts relied upon, showing in what manner or by what act the errors were released, and whether by deed, by parol or by acts *in pais.*

3. SAME—*dismissal of appeal without deciding merits does not bar writ of error.* A dismissal of an appeal without a decision on the merits of the case does not amount to an affirmance of the judgment so as to bar a writ of error. (*McConnel* v. *Swailes,* 2 Scam. 571, and *Garrick* v. *Chamberlain,* 97 Ill. 620, explained.)

4. QUO WARRANTO—*what act of relator does not operate as release of error.* Where an information is prosecuted by the State's attorney in the name of the People and for the benefit of the pub-

lic, although on the relation of an individual, attacking the organization of a community high school district, the act of the relator in participating in proceedings to have his lands detached from the district after judgment is entered finding the organization valid does not operate as a release of error in the judgment sustaining the organization of the district.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

BARRY MUMFORD, State's Attorney, (W. E. WILLIAMS, and A. CLAY WILLIAMS, of counsel,) for plaintiff in error.

STEVENS & HERNDON, and CAPPS & WEAVER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court the State's attorney of Pike county, prosecuting for and on behalf of the People of the State of Illinois and on the relation of S. K. Strother, filed an information of two counts against the defendants in error, Charles W. Sleight, W. H. McKeown, Charles Bickerdike, K. F. Skinner and Anson Northrup, calling upon them to answer to the People by what legal warrant, authority or right they claimed to hold and exercise the franchises and offices of members of the board of education of Community High School District No. 171. After a great deal of pleading there was a stipulation that the allegations of the original plea of justification might be considered as *prima facie* true but no party should be deprived of the right to raise any question appearing on the record. The cause was heard by the court, and there was a finding that defendants were not guilty and the information was dismissed. The People sued out a writ of error from this court and assigned errors on the record challenging rulings of the court on the pleadings; a trial by the court without a waiver of jury by the People; alleged errors of procedure on the trial;

sustaining the validity and constitutionality of the act of 1919; adding section 89a to the act to establish and maintain a system of free schools, and sustaining the legality and validity of the organization of Community High School District No. 171.

These assignments of error constituted the declaration of the plaintiff in error, (*Cass* v. *Duncan,* 260 Ill. 228,) and to the assignments of error the defendants in error filed three pleas, called pleas of release of errors. The first plea did not allege any fact by which error was released and amounted to no more than a conclusion of law. A plea of release of errors must state the facts relied upon. (*Corwin* v. *Shoup,* 76 Ill. 246; *Beardsley* v. *Smith,* 139 id. 290.) The plea merely averred that the errors were released, without stating in what manner or by what act, and whether by deed, parol or by acts *in pais.* Although the plea was insufficient the plaintiff in error filed a replication of the same nature, but the replication has been withdrawn and the plea abandoned.

The second plea avers that at the time of the entry of the judgment plaintiff in error prayed an appeal to this court, which was allowed upon conditions stated in the plea, which were complied with and the appeal perfected, and that thereafter the plaintiff in error filed in this court a motion to dismiss the appeal, and the motion was allowed and the appeal dismissed. The argument for the plea is that the dismissal constituted an affirmance of the judgment, and if that were true it would be a matter for the abatement of the writ and not for a plea of release of errors. But it is not true. Notwithstanding the fact that the case of *McConnel* v. *Swailes,* 2 Scam. 571, and the decision of the court were made clear in *Garrick* v. *Chamberlain,* 97 Ill. 620, and has been the consistent practice ever since, the case is cited in the brief of defendants in error as sustaining their plea. The case of *McConnel* v. *Swailes* was an action of debt on a bond given upon obtaining a *certiorari*

to bring up to the circuit court a judgment rendered by a justice of the peace. The condition of the bond was to prosecute the appeal and pay the debt and costs in case the judgment should be affirmed on the trial of the appeal. The court decided that the dismissal of the appeal was equivalent to the technical affirmance of the judgment so as to entitle the obligee to claim a breach of the condition. In *Garrick* v. *Chamberlain* a motion had been made in the Appellate Court to dismiss the writ of error because it appeared upon the face of the record that an appeal had been prayed and allowed from the circuit court to this court and the appeal perfected. A reply to the motion set forth that the appeal taken to this court had been dismissed. The motion was treated as a plea in abatement to the writ, which it would have been if the dismissal of the appeal had been an affirmance of the judgment. The court held that the dismissal of the appeal was only equivalent to an affirmance of the judgment for the purpose of a remedy on the appeal bond, and from that time to this it has been the uniform practice of the court where an appeal has been dismissed without a decision on the merits of the case, to regard the dismissal as not a bar to a writ of error.

The third plea alleges that after entry of the judgment in the record, proceedings were taken and had before the *ex-officio* board of Pike county for the purpose of detachment and removal from the community high school district mentioned in the judgment all the lands and property of the plaintiff in error; that the plaintiff in error, with full knowledge of all pertinent facts, participated actively in the proceedings, and defendants in error are informed and believe that plaintiff in error contributed money towards paying expenses of the proceeding and has claimed and enjoyed all benefits and advantages of said proceedings. Suit was instituted in the name and on behalf of the People of the State of Illinois, and the writ was sued out of this court in the name of the People, so that the framer of the plea must

have meant the relator whose lands were detached from the district instead of the plaintiff in error. The act revising the law in relation to *quo warranto* provides that in case any person shall intrude into or unlawfully hold or execute any office or franchise such as is set forth in the information, the Attorney General or State's attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of record of competent jurisdiction, or any judge thereof in vacation, for leave to file an information in the nature of *quo warranto* in the name of the People of the State of Illinois. (Harker's Stat. 3390.) The information charged that the defendants in error had usurped public offices and were exercising public rights and privileges, including the power of taxation, and public rights being involved, no act of the relator in participating in proceedings to detach his lands from the district could waive or bar the rights of the public. Wherever the public is interested in the filing of an information to question the legality of an organization the People are not estopped because of the individual conduct of the relator, but that is only so where the information is filed for his private and exclusive benefit. (*People* v. *Gary*, 196 Ill. 310; *People* v. *Burns*, 212 id. 227; *People* v. *Anderson*, 239 id. 266.) The information in this case was not filed for the private and exclusive benefit of the relator, but the State's attorney prosecuted for and on behalf of the People of the State of Illinois as well as at the instance of Strother as relator, and neither the acts nor acquiescence of the relator in having his lands detached could operate as a release of error.

None of the pleas present any defense to the assignments of error and the demurrer is sustained. The defendants in error, if they should be so advised, may join in error on the first day of the next term of court.

*Demurrer sustained.*