BRIDGFORTH *v.* MIDDLETON *et al.*

(In Banc. March 6, 1939.)

[186 So. 837. No. 33448.]

**Bridgforth & Love**, of Yazoo City, for appellant.

Green, Green & Jackson, of Jackson, for appellant.

**Campbell & Campbell,** of Yazoo City, for appellees.

Argued orally by **Allen Bridgforth** and **Garner Green** for appellant and by **Geo. H. Campbell, T. H. Campbell** and **T. H. Campbell, Jr.,** for appellee..

**Griffith, J.,** delivered the opinion of the court.

Appellant is the owner of the unexpired ninety-nine year lease upon approximately 39 acres of land located in Section 16, Township 12, north, Range 3, east, in Yazoo County, this lease having been made on July 12, 1856. On the land above mentioned appellant has his homestead and has there resided for more than twenty years. Appellant is also the owner in fee simple of forty acres of land in Section 21 of said township and range adjacent to said sixteenth section, and having complied with all the requirements of Chapter 118, Laws of 1930, inserted in the Code of 1930 as Sections 6778-6782, he exhibited his bill in the chancery court praying that he be permitted to exchange his forty acres in Section 21 for the 39 acres in Section 16 as authorized and provided in said legislative act.

There was a demurrer to the bill, and the demurrer was sustained, on the ground that the legislation aforesaid is invalid and inoperative because in violation of Section 211, Constitution 1890, which section, so far as pertinent to the question before us, reads as follows: "The legislature . . . shall provide that the sixteenth section lands reserved for the support of township schools shall not be sold, nor shall they be leased for a longer term than ten years for a gross sum; but the legislature may provide for the lease of any of said lands for a term not exceeding twenty-five years for a ground rental, payable annually. . . ."

The cited sections of the legislative act are too lengthy to be set out in full herein; and, so far as material to a decision, it is only necessary to quote that part of Section 6781, Code 1930, which prescribes and declares the effect of the decree of exchange, when the decree is made under the challenged act. That provision is as follows: "The said decree shall also provide that the use, occupation, possession and full control of the said 16th section land, to be fully set forth and described in the de-

cree, from thenceforth shall vest in the petitioner, for and during such time as title to the lands tendered to, received and accepted for the state in lieu or substitution of said 16th section land, remains vested in the state, in trust, for the benefit of the said public schools, a true and correct description of which land shall likewise be set out in said decree.''

It is at once seen that under this scheme for the exchange of 16th section lands, when the petitioner tenders land to which he has an absolute, unencumbered fee simple title, which is of course one good forever, and the tender is accepted and put into force by the decree authorized by the statute, there would be vested in the petitioner the use, occupation, possession, and full control of the 16th section land so exchanged, forever and irrevocably. Appellant argues, nevertheless, that the title or right which would thereby be held in the sixteenth section land by the petitioner would be neither by sale nor by lease, but would be only by an irrevocable license or easement. The fact would be, however, and whatever may be the name to be applied, that everything of substance, which either a sale in fee simple or a full lease forever would confer, would be vested in the petitioner in the 16th section land.

Appellant contends also that the constitutional provision against the sale of the 16th section lands should be construed as prohibiting a sale for a cash consideration, but not an exchange of lands. With equal or even more reason it could have been said in Connor v. Tippett, 57 Miss. 594, that an exchange of lands is not within the statute of frauds, which requires that contracts for the sale of lands shall be in writing, but the court held such an exchange to be a sale within the statute. See also 27 C. J. p. 205.

The proposition before us is reduced simply to this: May the substance of a constitutional provision be extracted therefrom by the mechanics of mere legal nomenclature? If the legislature, abetted by the courts, may

drain an ordinance of the constitution of all, or even of a material part, of its substance by such a simple device as an ingenious resort to names, there would no longer be any real object in having a constitution. The legislative scheme here under consideration is plainly obnoxious to Section 211 of the Constitution, and so far as this particular legislation is concerned, we simply adopt and repeat what was said by this Court in Dantzler Lumber Company v. State, 97 Miss. 355, 384, 53 So. 1, 3, ''that section 211 of the Constitution prohibits the state from parting with the possession and control of sixteenth section lands except for a definite and comparatively short period of time''. This conclusion renders it unnecessary to discuss the other points raised in the arguments.

There are certain situations in the state in respect to which it would perhaps be the part of wisdom if the legislation here involved, and the provisions thereof were more carefully guarded and constructed, could be effectuated; but this must first be allowed by a vote of the electorate in approval of a proper constitutional amendment.

Affirmed.