245 So.2d 602 (1971)
Willie L. MARTIN
v.
Abe FRANKLIN and Virginia Franklin.
No. 46134.
Supreme Court of Mississippi.
March 15, 1971.
William W. Ferguson, Raymond, for appellant.
Perry, Phillips, Crockett, Peters & Morrison, Thomas E. Royals, Jackson, for appellees.
*603 GILLESPIE, Presiding Justice:
Abe Franklin and wife, Virginia Franklin (hereinafter Franklin), filed suit in the Chancery Court of the Second Judicial District of Hinds County against Willie L. Martin (hereinafter Martin) to cancel as a cloud upon their title Martin's claim to a certain lot of land 208.7 feet by 208.7 feet, as delineated on the accompanying plat.

*604 The part of the lot in dispute is that portion thereof lying north of the right of way of the present Utica-Cayuga Road and south of the right of way of the Old Road, as shown on the plat. The chancellor sustained the prayer of the bill and canceled Martin's claim of title. Martin appealed.
The facts are in direct and irreconcilable conflict. Since the chancellor found against Martin and resolved the conflicts in favor of Franklin, the facts are stated accordingly.
Shallie Griffin has owned the property lying north of the Old Road for many years. Willie Martin has owned the property south of the Old Road for many years. In the late 1950's the Mississippi State Highway Department straightened the Utica-Cayuga Road and eliminated an S curve between the Griffin and Martin lands. When the new portion of the road was completed, Martin owned a tract lying north of the new portion and south of the old roadway, consisting of approximately one acre, and Griffin owned a tract lying south of the new portion and north of the old roadway consisting of a little more than one-half acre. Sometime after construction of the new highway, Shallie Griffin and Martin made a verbal swap whereby the title to all of Griffin's land south of the present Utica-Cayuga Road would be vested in Martin and title to all of Martin's land north of the present Utica-Cayuga Road would be vested in Griffin. In other words, the present Utica-Cayuga Road would be the common boundary line between the parties so that Griffin would own the land to the north thereof and Martin all the land to the south. This swap was void under the statute of frauds. On February 23, 1968, Shallie Griffin and his wife executed a warranty deed to Franklin intending to convey thereby the lot 208.7 feet by 208.7 feet delineated on the plat. Actually there was an error in this description which was corrected later, but we are of the opinion that the error is not a material fact in view of the chancellor's finding. On June 3, 1968, Franklin obtained an attorney's opinion certifying that he had a good title to the lot. In June or July of 1968 Franklin employed surveyors to survey the lot on the ground. When the surveyors began their work Franklin, Griffin and Martin were present. Martin talked to Franklin but made no claim to the land at that time. Sometime after the survey was completed, Franklin's contractor began the construction of a house on the disputed portion of the lot.
Martin's home was situate across the road from the site of the new Franklin house and within a few hundred yards thereof, and Franklin's construction site was easily visible from Martin's driveway. Martin was at home at least part of the time while Franklin was building his home and made no claim to the lands on which Franklin was building his home until it was completed and the contractor was putting the lock on the front door. At that time Martin went to the contractor and asked, "Do you know you are building a house on my land?"
The chancellor found that Martin simply waited until the house was finished before he made his claim of ownership. He further found that Martin knew that Griffin believed that the oral swap of land was effective; that Franklin believed his title to be good; and that Franklin acted in good faith. The chancellor canceled Martin's claim of title on the ground that Martin was estopped to assert his legal title.
With full knowledge of his own title to the land in dispute, Martin stood by and saw the survey being made of the Franklin lot and later the construction by Franklin of a home thereon. Franklin acted in good faith believing he had title. Martin was under a duty to make known to Franklin the true state of the title when Franklin began making improvements on the lot. He stood by until the house was completed and then made claim to it. In Quin v. Northside Baptist Church, 234 Miss. 51, 105 So.2d 151 (1958), this Court said, in quoting from an earlier case, that it is a rule of almost universal application that *605 one who stands by and sees another purchase land or enter upon it under a claim of right and permits such other to make expenditures or improvements under circumstances which call for notice or protest cannot afterwards assert his own title against such person.
The chancellor correctly applied the doctrine of estoppel.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.