# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00947-COA

**WILLIAM EUGENE HOWARD, JR., TRUSTEE OF THE WILLIAM EUGENE HOWARD, JR. TRUST**                    APPELLANT

**v.**

**KELLIE NELSON, ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF JOHN CARPENTER NELSON, JR., DECEASED**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/2023 |
| TRIAL JUDGE: | HON. RHEA HUDSON SHELDON |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER M. HOWDESHELL |
| ATTORNEYS FOR APPELLEE: | SAMUEL STEVEN McHARD |
| | BRANDI DENTON GATEWOOD |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 10/01/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     William Howard Jr.[1] alleges that he and John Carpenter Nelson Jr. made an oral agreement for the exchange of two parcels of land.  But before their agreement was reduced to writing, Nelson died, and Nelson's estate refused to honor the alleged oral agreement.  So Howard sued Nelson's estate for specific performance, arguing that the estate was equitably estopped from denying that the oral agreement was valid and enforceable.  Nelson's estate

---

[1] William Howard Jr. brought this action as the trustee of the William Eugene Howard Jr. Trust.  For ease of reference, we refer to the plaintiff as "Howard."

filed a motion to dismiss for failure to state a claim upon which relief could be granted, arguing that the alleged oral contract was unenforceable pursuant to the statute of frauds. The trial court granted that motion, and Howard appeals. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. Howard filed a complaint in Forrest County Chancery Court against Nelson's estate, alleging breach of an oral contract for the exchange of land. The complaint alleged that Howard and Nelson owned adjoining tracts of land and that in May or June of 2021, Nelson agreed to convey certain land to Howard in exchange for Howard conveying certain land and a right of ingress and egress to a logging road to Nelson. The alleged oral agreement was never reduced to writing, but the complaint alleged that Howard "reasonably relied on the representations of [Nelson] that he would execute all documents necessary to finalize the transaction." Specifically, the complaint alleged that Howard retained a lawyer, obtained surveys, had deeds drafted, obtained a partial release on his property, "and otherwise took certain actions to his detriment in order to complete the transaction." However, Nelson died in May 2022 before any properties were conveyed, and the complaint alleged that Nelson's estate "refused to honor the agreement." Howard alleged that Nelson's estate was "equitably estopped from denying that there is a valid and enforceable agreement" and that Howard was entitled to specific performance of the alleged oral contract.

¶3. Nelson's estate answered and moved to dismiss the complaint for failure to state a claim upon which relief could be granted. *See* M.R.C.P. 12(b)(6). Nelson's estate argued that the alleged oral contract was unenforceable under the statute of frauds, which requires

2

all contracts for the sale of land to be in writing. Miss. Code Ann. § 15-3-1(c) (Rev. 2019). Following a hearing, the chancery court granted the estate's motion to dismiss, and Howard filed a notice of appeal.

## ANALYSIS

¶4. "A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted raises an issue of law, which is reviewed de novo." *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (¶8) (Miss. 2017). "The motion tests the legal sufficiency of the complaint," and our "[r]eview is limited to the face of the pleading." *Id.* "Taking the well-pleaded factual allegations of the complaint as true, the motion should not be granted unless it appears beyond any reasonable doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *State v. Quitman County*, 807 So. 2d 401, 406 (¶16) (Miss. 2001). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Rose v. Tullos*, 994 So. 2d 734, 739 (¶25) (Miss. 2008).

¶5. *In general*, an oral contract is enforceable if it satisfies all the legal requirements for a contract. *Ladner v. Manuel*, 744 So. 2d 390, 392 (¶8) (Miss. Ct. App. 1999). However, the statute of frauds provides that "any contract for the sale of lands" is unenforceable unless it is "in writing" and signed by the person against whom enforcement is sought. Miss. Code Ann. § 15-3-1(c); *see, e.g.*, *PMZ Oil Co. v. Lucroy*, 449 So. 2d 201, 206 (Miss. 1984) ("Without doubt, our statute of frauds provides that no contract for the conveyance of an interest in land is binding unless signed by the party to be charged."). The complaint in this

case alleges a purely oral contract for the sale of lands.[2]  Therefore, in the absence of some exception to the statute of frauds, the agreement was unenforceable, and the chancery court properly dismissed the complaint.

¶6.    Howard argues that his complaint sufficiently alleged an exception to the statute of frauds—equitable estoppel.  The Mississippi Supreme Court has held that equitable estoppel "is a well-established exception to our statute of frauds," *SEL Bus. Servs. LLC v. Lord*, 367 So. 3d 147, 150 (¶15) (Miss. 2023) (quoting *PMZ Oil Co.*, 449 So. 2d at 206), and "may be used to enforce an oral contract which would otherwise be unenforceable under the statute of frauds." *Powell v. Campbell*, 912 So. 2d 978, 981 (¶12) (Miss. 2005).  "The elements required for equitable estoppel are '(1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position.'" *Beckworth v. Beckworth*, 369 So. 3d 601, 605 (¶22) (Miss. Ct. App. 2023) (quoting *Williams v. US Bank Tr. N.A.*, 239 So. 3d 540, 544 (¶15) (Miss. Ct. App. 2017)).

¶7.    However, the Supreme Court has cautioned that "[equitable] estoppel should only be used *in exceptional circumstances* and must be based on public policy, fair dealing, good faith, and reasonableness." *Powell*, 912 So. 2d at 982 (¶12) (emphasis added) (citing *PMZ Oil Co.*, 449 So. 2d at 206).  The Court has explained that "equitable estoppel may be enforced in those cases in which it would be *substantially unfair* to allow a party to deny what he has previously induced another to believe and take action on." *PMZ Oil Co.*, 449

---

[2] A contract for an "exchange of lands" is a contract for the sale of lands within the meaning of the statute of frauds. *Bridgforth v. Middleton*, 186 Miss. 185, 196, 186 So. 837, 838 (1939); *accord Martin v. Franklin*, 245 So. 2d 602, 604 (Miss. 1971).

So. 2d at 207 (emphasis added); *see also id.* ("Substantial inequity is our touchstone.").[3] For example, the Court held that a defendant was equitably estopped from denying the validity of an oral agreement to swap lands because he had watched silently as the plaintiff built a new house on the subject property and "simply waited until the house was finished" before he asserted title to the property. *Martin*, 245 So. 2d at 604; *see also Swartzfager v. Saul*, 213 So. 3d 55, 65 (¶30) (Miss. 2017) (applying equitable estoppel where the plaintiff sold his own home in reliance on the parties' oral agreement). Similarly, the Court held that a defendant was equitably estopped from denying an oral contract to purchase a Chevron service station where the plaintiff had "executed a written release of the remaining three years of his lease with Chevron, thus giving up a profitable service station business and his means of earning a livelihood." *Sanders v. Dantzler*, 375 So. 2d 774, 777 (Miss. 1979).

¶8.    Absent such exceptional circumstances or substantial unfairness or inequity, the Supreme Court has declined to apply equitable estoppel as an exception to the statute of frauds. For example, in *Powell*, the Court held that the chancellor did not err in refusing to apply equitable estoppel even though the plaintiff alleged that he had paid for a survey and paid an attorney to draft the contract and to conduct a title search in reliance on an oral agreement to buy land. *Powell*, 912 So. 2d at 981-82 (¶¶7, 13). The Court stated that "[equitable] estoppel should only be used in exceptional circumstances." *Id.* at 982 (¶12).

---

[3] The Supreme Court noted that "[f]raudulent intent to mislead or deceive where present may often, when relied upon, produce inequity and hence an estoppel." *Id.* But "[fraudulent] intent ab initio" is not an *essential* element of equitable estoppel because in some cases "substantial inequity [may be] produced by a change of attitude sans original subjective fraudulent intent." *Id.*

And the Court held that although the plaintiff "did take financially detrimental steps in reliance on [the defendant's] promise, he simply ha[d] not shown that, in light of his actions, estoppel would be the most fair and reasonable remedy or that injustice [could] only be avoided by enforcement of [the alleged] promise." *Id.* at (¶13).

¶9. Similar to the plaintiff in *Powell*, Howard fails to allege any "exceptional circumstances" that would support applying the doctrine of equitable estoppel to avoid the statute of frauds. Howard does not allege any fraud on the part of Nelson or Nelson's estate. Nor does he allege that he constructed improvements or forewent any opportunity in reliance on the alleged oral contract. Rather, Howard merely alleges that he undertook some typical preparations for a land transaction—he hired a lawyer, had surveys done, and obtained a partial release (presumably from an encumbrance on his property). In addition, Howard's complaint acknowledges that although the alleged oral contract was made in May or June 2021, he still had not completed the deal or even reduced the agreement to writing when Nelson died approximately one year later. *See id.* (citing the plaintiff's delay in reducing the oral agreement to writing and completing the transaction as a reason for not applying the doctrine). As in *Powell*, although Howard "did take financially detrimental steps in reliance on [Nelson's alleged] promise, he simply has not shown that, in light of his actions, estoppel would be the most fair and reasonable remedy or that injustice can only be avoided by enforcement of [the alleged] promise." *Id.* Accordingly, accepting the complaint's well-pled factual allegations as true, it fails to allege a basis for enforcing the alleged oral contract for the sale of lands. Therefore, the chancellor did not err by granting Nelson's estate's motion

6

to dismiss.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**