J. Robert Lynch, J.
In 1955, the defendant City of Oswego applied to the plaintiff’s predecessor, the Water Power and Control Commission, for approval of plans to take an additional water supply from Lake Ontario. The commission approved the plans on condition that such water should not be distributed or sold without it first having been “ treated and purified by sterilization and filtration in a manner satisfactory to this Commission”. The city accepted this condition without objection, request for review, or even a murmur of protest. It did *357 make requests for modification in order to extend the time for compliance and within reason these requests were granted. The city has built the intake system and has commenced distribution and sale of the water, the latter in total disregard of the condition that the water be treated in a manner satisfactory to the commission. The commission has brought an action for an injunction, answer has been served and the within motion for summary judgment made.
No issues of fact are presented. The city raises no defense except to say that to treat the water to the satisfaction of the commission is unnecessary and would impose an intolerable financial burden on the city. This argument is raised in the wrong action, in the wrong forum and 11 years too late. As a legal defense it has no efficacy. ‘ ‘ The city accepted the determination and acted upon it, necessarily assumed and agreed to any burdens it imposed and is not now in any position to question the propriety of the limitations, conditions or restrictions fixed or the power of the Commission to impose them” (Matter of City of Syracuse v. Gibbs, 283 N. Y. 275, 287, citing Matter of City of New York, 216 N. Y. 489, Matter of Niagara Falls Power Co. v. Water Power & Control Comm., 267 N. Y. 265).
The plaintiff has suggested in the affidavit of John C. Thompson, sworn to April 19,1966, a timetable of action to be imposed on the city. It is the opinion of this court that this schedule represents a reasonable compromise between the necessity that some action be taken and the impossibility of the city being-able to act instantly. We approve its adoption in the order herein. Summary judgment is granted the plaintiff.