John W. Sweeny, J.
Petitioners move for an order restraining respondents from interfering with petitioners’ occupancy and use of certain lands taken by the State for airport expansion, unless and until an offer of compensation is tendered by respondents for the land.
Specifically, petitioners challenge the authority of State agencies to collect rent or issue notices of appropriation until such time as an appraisal of the lands being taken is completed, claiming that it is burdensome, illegal, and unfair to expect them to pay both rent and mortgage installments for their former properties without knowing when reimbursement will be forthcoming. At the time of the oral argument the court advised the parties that a son of this Justice is a member of the Attorney-G-eneral’s staff, Albany office, and that if they so desired, I would disqualify myself and refer this matter to another Justice. Both attorneys having insisted that I not disqualify, argument was heard.
*160 Neither side has submitted a brief dissecting the issues to be decided nor has any case in point been cited by petitioners supporting their position.
The court’s own investigation regarding the right of a State agency to collect rent for condemned land before the former owners receive either compensation, or an offer of same, reveals what appears to be a novel question, not yet passed upon.
The several procedural arguments which have been interposed against the petition need not be considered.
Proceeding directing to the merits of the petition, the validity of the contentions espoused therein cannot be sustained.
Respondent, Metropolitan Transportation Authority, is a creature of statute finding its origin in the Public Authorities Law.
Pursuant to section 1267-a of that law, this legal entity may acquire real property in the name of the State, and may remove the owner or occupant thereof in order to obtain possession.
The procedure which this respondent must follow in performing these functions is specified in section 30 of the Highway Law.
The Highway Law (§ 30, subd. 5) gives the officers and agents of the State of New York the unconditional right to “ immediately enter upon and take possession of the property” upon the filing of a map describing the property being appropriated while section 30 (subd. 13-c) of that law provides that former owners and tenants “ shall be liable to the state for the fair and reasonable value of such holding, use or occupancy from the date of service of a copy of the description and map and notice of appropriation ’ ’ upon the former owner or tenant.
Authority to require rent for lands within the purview of the filed map is reinforced by chapter 473 of the New York Laws of 1971 which states in section 1 thereof: ‘ ‘ Such administration and management shall include the right to lease, but preference in such leasing shall be given to the application of the person owning such property immediately prior to its acquisition, provided such prior owner is agreeable to continuing his pre-existing use and the extent thereof and provided that the other terms and conditions of such lease, including rentals, are mutually agreeable. ’ ’
The validity of the present land acquisition has been reviewed by this court in County of Orange v. Metropolitan Transportation Authority, October 20, 1971, and found to be within constitutional limits.
However, questions going to the propriety of this appropriation are not presently before the court. The only issue raised *161 requires a determination as to whether rent may he collected, pursuant to the authority previously cited, before potential tenants have been made an offer.
The statutes manifest a clear intent to permit a divesting of title and possession before remuneration for the appropriated fees is accomplished.
Possession before compensation was at issue in Sage v. City of Brooklyn (89 N. Y. 190, 195 [1882]) where the court made the following observations which are applicable to the case at bar. “ It is so axiomatic, that it is laid up as one of the principles of government, that provision for compensation is an indispensable attendant upon the due and constitutional exercise of the power of depriving an individual of his property under the right of eminent domain. (Gardner v. Village of Newbury, 2 Johns. Ch. 168.) The courts in construing the constitutional guaranty, have departed from what may seem its plain and natural meaning, and have held that the payment for property taken in inpitum for public use, need not be concurrent with the taking, but that it is sufficient if the law authorizing the taking, also provides a sure, sufficient and convenient remedy by which the owner can,subsequently coerce payment by legal proceedings.”
Citing Sage (supra) it was affirmed in Matter of Mayor of City of N. Y. (99 N. Y. 569, 577, [1885]) that where no provision for just compensation to those whose lands are taken is made, section 6 of article I of the Constitution is violated. Compensation was deemed “ the most essential character, since if unheeded or disregarded, it transforms the right of eminent domain into a legalized plunder of the citizen.”
The logic whereby a taking may precede adequate compensation is founded upon the concept that there exists in the State Treasury a “ certain, convenient and adequate source ” of money guaranteeing to those individuals ’being deprived of their land just reimbursement. (People v. Adirondack Ry. Co., 160 N. Y. 225, 241 [1889].)
Such a concept has evolved little through the centuries and remains the law of this State today. (See Matter of Water Comrs. of White Plains, 195 N. Y. 502 [1909], and La Porte v. State of New York, 6 N Y 2d 1 [1959].)
Once it is determined that the respondents are entitled to immediate possession of the approximately 9,000 acres included within the airport expansion area, how can their right to collect rent for properties, now being occupied by legal strangers, be successfully challenged?
Such demands are completely consistent with the rights and prerogatives of an entity owning lands in fee simple.
*162 The court is not unsympathetic to the plight of petitioners in having to simultaneously pay both rent and mortgage for the same piece of property.
However, what at first impression appears to be an unfairness, resolves itself upon proper analysis.
If possession had been demanded immediately upon the passing of title and the service of the statutory notices, the former landowners would be obligated on their original mortgages, be forced off the land, and in most cases be compelled to pay rent to a third party or, in the alternative, purchase a new home, all without the benefit of receiving compensation at this point in time.
While not objecting to this sequence of events, petitioner contends that because the rent inures, to the benefit of the condemnor, such is an inherent inconsistency and requires remedial action. This cannot be the case.
Either one must postulate that there can be no taking without compensation, a conclusion shown to be erroneous, or one must conclude that there has been a proper taking which divested those previously situated on the appropriated lands with all indicia of ownership.
If the latter hypothesis is adopted, as this court must, the arguments against the condemnor collecting rent must fail.
The representative of the State has informed the court at oral argument that appraisals are in the process of being completed and offers will be tendered in the very near future.
Such action will, of course, render this matter moot.
It should be noted that chapter 1161 of the New York Laws of 1971 applies to the instant situation and requires immediate payment of the appraisal to the previous landowners. This should alleviate many of the difficulties and hardships now being faced by petitioners.
However, once a right to possession is found, demands resulting in less than complete control over the land cannot be found improper.
The petition is denied in all respects.